# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | Chapter 13 |
| Kenneth Joseph Woodard, | |
| Debtor | Case No. 08-81442-TLS |
| Kenneth Joseph Woodard, on behalf of himself and all others similarly situated, | |
| | Adv. Pro. No. _____ |
| Plaintiffs, | |
| v. | |
| Navient Solutions, LLC and Navient Credit Finance Corporation, | |
| Defendants. | **CIRCUITWIDE CLASS ACTION** |

## COMPLAINT

1. Plaintiff Kenneth Joseph Woodard ("Woodard"), on behalf of himself and all others similarly situated, by and through undersigned counsel, hereby files this Complaint against Defendants Navient Solutions, LLC ("Navient Solutions") and Navient Credit Finance Corporation ("NCFC," together with "Navient Solutions," "Defendants") upon personal knowledge as to those matters to which he has personal knowledge, and upon information and belief as to all other matters, as follows:

### I. PRELIMINARY STATEMENT

2. Not all loans made to students are non-dischargeable student loans, including the educational loans at issue in this action. Defendants, with full knowledge of the scope and

application of 11 U.S.C. § 523(a)(8), have exploited the statutory framework protecting qualified education loans from discharge in bankruptcy in an attempt to appropriate bankruptcy protection for a large universe of dischargeable consumer debt. Such loans have no protection under section 523(a)(8) and are automatically discharged upon entry of a bankruptcy court's discharge order and the accompanying statutory injunction effected by the discharge order.

3. Defendants have been knowingly originating and servicing dischargeable consumer loans and disguising them as non-dischargeable student loans. Defendants have done this in order to discourage debtors from seeking their rights to relief under Title 11 and to purport to allow creditors to continue to collect on discharged loans after a debtor's bankruptcy. In order to effectuate this illegality, Defendants have appropriated a legal presumption for a class of debt that they know is not entitled to that presumption, thereby using the authority of the bankruptcy courts to cloak their fraud under the color of law and escape detection. Defendants are willfully and maliciously engaged in a pattern and practice targeted at some of society's most vulnerable persons that they know defiles the proper workings of the bankruptcy process. Plaintiff brings this action to enforce his rights and the rights of those similarly-situated to a fresh start pursuant to the Bankruptcy Code.

## II.  PARTIES

4. Plaintiff Kenneth Joseph Woodard is an individual and a resident of this district who filed for relief under Chapter 13 of Title 11 of the United States Code in June 2008, and received a discharge order and the entry of the statutory injunction in December 2013. His bankruptcy proceeding took place in the District of Nebraska in the United States Eighth Circuit.

5. The Class Members are similarly-situated individuals who filed for bankruptcy protection since 2005 in the District of Nebraska in the United States Eighth Circuit, with pre-petition educational loans originated and/or serviced by Defendants or their predecessors for education at institutions that are not recognized as eligible institutions under Title IV of the Higher Education Act and the Internal Revenue Code. These loans are fully dischargeable under § 523(a)(8) of the Bankruptcy Code. Nonetheless, the Class Members have been subject to attempts by Defendants to induce payment and collect on such loans despite the loans having been discharged in bankruptcy.

6. NAVIENT SOLUTIONS, LLC is a limited liability company organized and existing under the laws of the State of Delaware, that in the ordinary course of business regularly, on behalf of itself or others, has engaged in, and/or currently engages in the origination, servicing, and collection of consumer debt. Navient Solutions, LLC is authorized to do business in the State of Nebraska, and may be served through its registered agent CSC-Lawyers Incorporating Service Company, 233 South 13th Street Suite 1900, Lincoln, Nebraska 68508.

7. NAVIENT CREDIT FINANCE CORPORATION is a business corporation organized and existing under the laws of the State of Delaware that in the ordinary course of business regularly, on behalf of itself or others, has engaged in, and/or currently engages in the origination, servicing, and collection of consumer debt. Upon information and belief, NAVIENT CREDIT FINANCE CORPORATION is not authorized to do business in the State of Nebraska. Its principal place of business is in Herndon, Virginia, and it can be served through its registered agent Corporation Service Company, 100 Shockoe Slip Floor 2, Richmond, VA, 23219 – 4100.

### III. JURISDICTION AND VENUE

8. This Adversary Proceeding is brought under Case Number 08-81442-TJM.

9. This Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157(b), 1332, and 1334(b). This is a core proceeding under Title 11 because it concerns determinations as to the dischargeability of debts.

10. This Adversary Proceeding is brought pursuant to 11 U.S.C §§ 105, 523(a)(8), and 524, and Federal Rule of Bankruptcy Procedure Rule 7001(9).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1409 because Woodard and many of the Class Members reside in this district, obtained their bankruptcy discharges in this district, and some of the conduct complained about occurred in this district.

## IV. STATEMENT OF FACTS

**A.  Plaintiff's Background and Procedural History**

12. Woodard took a flight training class at Omaha Flight Center in Omaha, Nebraska, during or around January 2003.

13. On or around January 2003, Woodard borrowed $12,335 from Sallie Mae Bank, one of Navient's predecessors-in-interest, to pay for the costs at Omaha Flight Center (the "Private Navient Loan").

14. Omaha Flight Center was not and is not a Title IV-accredited institution under the Higher Education Act. It is a career training center.

15. The Private Navient Loan was not made to a student attending an eligible institution and thus was not a qualified education loan under section 523(a)(8)(B), or otherwise protected as an educational loan or educational grant under section 523(a)(8).

16. On June 6, 2008, Woodard filed a petition for relief under Chapter 13 of Title 11 of the United States Code in this Court.

17. Woodard properly scheduled the Private Navient Loan on the Schedules to his Bankruptcy Petition.

18. On December 17, 2013, this Court entered a discharge order in Woodard's case.

19. Defendants received notice of the filing of Woodard's Bankruptcy Petition, and also received notice of the Bankruptcy Court's December 17, 2013, discharge order.

20. After Woodard's discharge order was granted, Defendants continued to collect on the Private Navient Loan.

**B.** **All Class Members Share A Similar Narrative.**

21. All Class Members share a similar factual narrative.

22. All Class Members borrowed loans that were originated by Defendants, or had loans that were serviced and/or collected by Defendants.

23. All Class Members attended non-Title IV institutions as those institutions are defined by the Internal Revenue Code.

24. All Class Members filed for bankruptcy protection in a United States Bankruptcy Court within the United States Eighth Circuit.

25. At the conclusion of their bankruptcy cases, all Class Members were issued Discharge Orders.

26. The statutory injunction effected by these Discharge Orders extinguished all education-related debt that was not excepted from discharge by 11 U.S.C. § 523(a)(8).

27. Notwithstanding the discharge of these debts, Defendants employed processes, practices, and acts designed to mislead Class Members into believing that their debts were not discharged and inducing them to make payments on extinguished debts.

28. Defendants have misled Class Members and sought to collect on discharged debts by use of letters, emails, text messages, and telephone calls demanding repayment. In addition, to

attempt to compel payment on these discharged debts, Defendants have continued to report these debts as delinquent to the major credit bureaus and have failed to update these credit reports.

29. Defendants have also commenced or continued legal actions against Class Members to induce payment on their discharged debts.

## V. CLASS ACTION ALLEGATIONS

30. Pursuant to Rule 23(a) and 23(b) of the Federal Rules of Civil Procedure as adopted by Fed. R. Bankr. 7023, Woodard brings this action on behalf of himself and all other persons similarly situated in the United States Eighth Circuit, as a representative of the following class:

Citizens of the various states who filed for bankruptcy in a United States Bankruptcy Court within the United States Eighth Circuit and were issued Discharge Orders from a United States Bankruptcy Court within this Circuit since October 17, 2005 (the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act), who:

a) Before filing for bankruptcy, obtained or were co-signers on private loans from Defendants or their predecessors-in-interest that were not made under any program funded by a non-profit institution to cover expenses at ineligible institutions as that term is defined in 11 U.S.C. § 523(a)(8)(B) and 26 U.S.C. § 221(d); and

b) have never reaffirmed any pre-petition private loans described within a) above; and

c) have nonetheless been subjected to Defendants' policy of attempting to induce payment and/or collect on and/or Defendants' successful inducement of payment and/or collection on these discharged private loans.

31. Plaintiff reserves the right to amend this class definition and/or add subclasses to include or exclude members of the class.

32. As described below, this action satisfies the numerosity, commonality, typicality, superiority, predominance, and adequacy of representation requirements of Rule 23 of the Federal Rules of Civil Procedure.

A. **Numerosity**

33. The persons in the class of Plaintiffs are so numerous that joinder of all members is impracticable. In the interest of judicial economy, this dispute should be resolved through the class action vehicle.

34. Upon information and belief, the number of Plaintiffs will likely exceed 100. The quantity, identity, and location of Class Members are ascertainable through appropriate discovery and may be identified by the records maintained and possessed by Defendant.

35. The Class Members have been through bankruptcy within the last fifteen years. Upon information and belief, the individual members of the class of Plaintiffs, or at least a large portion thereof, lack the means to pursue these claims individually and severally. Defendants have relied on this to effectuate their scheme. In fact, academic research shows that 99.9% of debtors with student loans lack the means to pursue an adversary proceeding to contest non-dischargeability.

B. **Commonality**

36. There are common questions of law and fact affecting the entirety of the class. Specifically, predominant common questions include without limitation: (i) whether the Class Members' loans were discharged at the conclusion of their bankruptcy cases by means of the statutory injunction; and (ii) whether Defendants violated the statutory injunction effected by the applicable Discharge Orders by seeking to collect on discharged private education debt.

37. Answers to these common questions will resolve the question of damages shared by each member of the class.

### C. Typicality

38. Woodard's claims against Defendants are typical and representative of those of all Class Members. Specifically, his Private Student Loan is a debt for a student loan, as with the other Class Members; he attended a non-Title IV institution, as with the other Class Members; and upon information and belief, his Private Student Loan is based upon loan documents that are substantially the same, if not identical, to the other Class Members' loan documents.

39. Woodard's experiences having been subjected to collection efforts are typical and representative of the Class's. Defendants' actions involving Woodard are typical of the Defendants' actions involving the other Class Members.

40. Specifically, the Private Navient Loan at issue is a career training loan that Navient's predecessor issued to Woodard. The terms of the loan that was issued to Woodard are substantially the same as the terms of the loans that were issued to the Class Members.

### D. Adequacy of Representation

41. Woodard will fairly and adequately represent and protect the interests of the members of the class of Plaintiffs. Woodard's interests are squarely aligned with those of individual members of the class. Plaintiff's counsel -- Fishman Haygood, LLP; Jones Swanson Huddell & Daschbach LLC; and Boies Schiller & Flexner LLP -- are experienced in class action lawsuits, complex commercial litigation, bankruptcy law and procedure, and student loan litigation.

### E. Rule 23(b) Allegations

42. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members. The questions include, but are not limited to:

   a) whether the Class Members' loans were discharged at the conclusion of their bankruptcy cases; and

      b) whether Defendants violated the statutory injunction effected by the applicable Discharge Orders by seeking to collect on discharged loans.

43.    This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications, with respect to individual Class Members, which would establish inconsistent standards of conduct for Defendants, as well as, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

44.    Defendants have acted, or refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

45.    A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class Members may be obtained from Defendants' records.

## VI.  CLAIMS FOR RELIEF

**Count One: Declaratory Judgment and Injunctive Relief**

46.    Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

47.    Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that his and the other Class Members' loans are dischargeable student loans, or are not qualified education loans under section 523(a)(8), and were

therefore discharged upon entry of their respective statutory injunctions effected by their Discharge Orders.

48. Plaintiff requests preliminary and permanent injunctive relief prohibiting Defendants from continuing to seek collection on his and other Class Members' discharged debts.

**Count Two: Violations of the Statutory Injunction Effected by the Discharge Orders**

49. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

50. Plaintiff's and other Class Members' loans were discharged pursuant to the statutory injunction effected by the Discharge Orders entered by the various courts because they were unsecured consumer loans and not non-dischargeable student loans under section 523(a)(8).

51. Defendants were notified of the Discharge Orders pursuant to Federal Rule of Bankruptcy Procedure 4004(g).

52. Defendants nonetheless sought to collect on these debts, either directly or indirectly, by use of dunning letters, emails, text messages, telephone calls, negative reports made to the major credit bureaus, failure to update these credit reports, and commencing or continuing legal action to recover the discharged debts in violation of 11 U.S.C § 524.

53. Plaintiff requests that Defendants be cited for contempt and ordered to pay compensatory and punitive damages in an amount to be determined at trial for the willful violations of the discharge injunctions and section 524 pursuant to 11 U.S.C § 105 and also request an award of attorneys' fees and costs.

**Count Three: Restitution**

54. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

55. Plaintiff and the Class Members are entitled to the restitution of all funds paid to Defendants or their agents after the subject loans were discharged in bankruptcy, together with applicable interest.

## VII. **PRAYER**

56. In light of the foregoing, Plaintiff requests that Defendants be cited to appear and judgment be entered against Defendants for:

   a) Declaratory relief in the form of a judgment entered to the effect that Plaintiff's and the other Class Members' loans were discharged upon entry of the applicable statutory injunctions effected by the Discharge Orders;

   b) Injunctive relief prohibiting Defendants from continuing to collect on discharged debts;

   c) Compensatory and punitive damages and monetary sanctions for violations of the discharge order and statutory injunction;

   d) Restitution and/or disgorgement of funds collected since the Plaintiff's and the other Class Members' bankruptcy Discharge Orders were entered;

   e) attorneys' fees and costs to the fullest extent permitted under the law;

   f) prepetition and post-judgment interest; and

   g) other such relief as the Court deems just and proper.

Dated: December 9, 2021

Respectfully submitted,

*/s/ Jason W. Burge*
Jason W. Burge (to be admitted *pro hac vice*)
SBN (LA) 30420
Lara Richards (to be admitted *pro hac vice*)
SBN (LA) 34054
FISHMAN HAYGOOD LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170-4600
(504) 586-5252; (504) 586-5250 fax
jburge@fishmanhaygood.com
lrichards@fishmanhaygood.com


Lynn E. Swanson (to be admitted *pro hac vice*)
Peter N. Freiberg (to be admitted *pro hac vice*)
Lindsay E. Reeves (to be admitted *pro hac vice*)
JONES SWANSON HUDDELL & DASCHBACH LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
(504) 523-2500; (504) 523-2508
lswanson@jonesswanson.com
pfreiberg@jonesswanson.com
lreeves@jonesswanson.com


Adam R. Shaw (to be admitted *pro hac vice*)
George F. Carpinello (to be admitted *pro hac vice*)
BOIES SCHILLER & FLEXNER, LLP
30 S. Pearl St., 11th Floor
Albany, New York 12207
(518) 434-0600
ashaw@bsfllp.com
gcarpinello@bsfllp.com

*Counsel for Plaintiff*