## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re: | ) Chapter 13 |
| | ) |
| Kenneth Joseph Woodard, | ) Case No. 08-81442-TLS |
| | ) |
| Debtor | ) Adv. Pro. No. 21-08023-TLS |
| | ) |

| | |
|---|---|
| Kenneth Joseph Woodard, on behalf of himself and all others similarly situated, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| Navient Solutions, LLC and Navient Credit Finance Corporation, | ) ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL</u>

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................. 1

THE LITIGATION AND SETTLEMENT OVERVIEW ........................................................... 3

I.     The *Woodard* Litigation and Similar Actions Brought by Undersigned Counsel
       Across the Nation.................................................................................................................. 3
II.    The Terms of the Settlement................................................................................................ 6
III.   The Proposed Notice............................................................................................................. 8

ARGUMENT.............................................................................................................................. 10

I.     The Court Should Preliminarily Approve the Proposed Settlement................................. 10

       A. Legal Standard. ........................................................................................................ 10
       B. The Settlement Meets each of the *Van Horn* Factors. ........................................... 12
           1.  The merits of the plaintiff's case, weighed against the terms of the settlement. ........ 12
           2.  The defendant's financial condition.................................................................... 14
           3.  The complexity and expense of further litigation................................................. 14
           4.  The amount of opposition to the settlement.......................................................... 15

       C. The Settlement also meets each of the Rule 23(e)(2) factors. ............................... 15
           1.  Adequate representation....................................................................................... 15
           2.  Arm's length negotiation ..................................................................................... 16
           3.  The adequacy of relief ......................................................................................... 17
               i.     Costs, risks, and delay of trial and appeal................................................... 17
               ii.    The effectiveness of distribution.................................................................. 17
               iii.   The terms of any proposed award of attorney's fees. ................................. 18
               iv.    Any agreements required to be disclosed under 23(e)(3). ............................ 18
           4.  The proposal treats class members equitably........................................................ 18

II.    The Court Should Preliminarily Certify the Settlement Class....................................... 19

       A. Numerosity................................................................................................................ 19
       B. Commonality............................................................................................................. 20
       C. Typicality ................................................................................................................. 21
       D. Adequacy of Representation .................................................................................... 21
       E. Predominance and Superiority ................................................................................ 22

III.   The Court Should Approve the Proposed Notice Plan. .................................................. 23

CONCLUSION........................................................................................................................... 25

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Cervantes v. CRST Int'l, Inc.*, No. 20-CV-75-CJW-KEM, 2022 WL 2130811 (N.D. Iowa June 14, 2022)................................................................................................................ 20, 21

*Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977)......................................................... 12

*D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) ............................................. 16

*DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171 (8th Cir. 1995) ............................ 20, 23

*Downing v. Goldman Phipps PLLC*, Case No. 4:13CV206 CDP, 2015 WL 4255342 (E.D. Mo. July 14, 2015) .................................................................................................... 20

*Grunin v. Int'l House of* Pancakes, 513 F.2d 114 (8th Cir. 1975) ........................ 10, 23

*In re Charter Communications, Inc., Securities Litigation*, 2005 WL 4045741 (E.D. Mo. June 30, 2005)................................................................................................................... 12

*In re Crocker*, 941 F.3d 206 (5th Cir. 2019)......................................................... 13, 17

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F. 3d 922 (8th Cir. 2005) .............. 10, 11

*Marshall v. Nat'l Football League*, 787 F.3d 502 (8th Cir. 2015)............................... 11

*Paxton v. Union Nat. Bank*, 688 F.2d 552 (8th Cir. 1982) .......................................... 20

*Petrovic v. Amoco Oil Co.*, 200 F.3d 1140 (8th Cir.1999) .......................................... 11

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591 (1997)................................................. 19

*Taggart v. Lorenzen*, 139 S. Ct. 1795, 204 L. Ed. 2d 129 (2019) .................. 13, 14, 17

*Tiro v. Pub. House Investments, LLC*, No. 11 CIV. 7679 CM, 2013 WL 2254551 (S.D.N.Y. May 22, 2013)................................................................................................................. 16

*Van Horn v. Trickey*, 840 F.2d 604 (8th Cir.1988)............................................. passim

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ................................................ 21

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) ...................... 12

*Wineland v. Casey's General Stores, Inc.*, 267 F.R.D. 669 (S.D. Iowa 2009) ............. 20

**Statutes and Court Rules**

11 U.S.C. § 523(a)(8) ................................................................................................ 6, 12, 22

Fed. R. Civ. P. 23(a) ................................................................................................ 19, 20, 22

Fed. R. Civ. P. 23(b)(3) ................................................................................................ 19, 22

Fed. R. Civ. P. 23(c) ................................................................................................ 3, 23, 24

Fed. R. Civ. P. 23(e) ................................................................................................ passim

Fed. R. Civ. P. 23(f) ................................................................................................ 14

Fed. R. Civ. P. 23(g) ................................................................................................ 2

**Treatises**

*3 Newberg on Class Actions* § 8:18 (5th ed.) at 223 ................................................................ 23

*Manual for Complex Litigation, Third,* § 30.42 (1995) ................................................................ 12

Plaintiff Kenneth Joseph Woodard ("Plaintiff"), on behalf of himself and all others similarly situated, respectfully submits this memorandum of law in support of Plaintiff's unopposed motion for preliminary approval of the parties' settlement of this class action suit ("Motion").

## PRELIMINARY STATEMENT

In this class action, similar iterations of which have been filed by the undersigned and pending in different jurisdictions throughout the country for seven long years, Plaintiff has alleged that Navient Solutions, LLC and Navient Credit Finance Corporation (collectively, "Navient" or "Defendants") violated the discharge injunction found in Section 524 of the Bankruptcy Code by continuing to collect on discharged educational loans after the class members' bankruptcy discharges.

Plaintiff, on behalf of himself and all others similarly situated, has entered into a Stipulation of Settlement (the "Stipulation" or "Settlement") with Defendants.[1] If approved, this Settlement would resolve the claims against Defendants in this action and other similar actions brought by undersigned counsel across the nation. The Stipulation of Settlement was negotiated at arm's length by experienced and knowledgeable counsel, following significant discovery and motion practice in this and a variety of similar actions brought by undersigned counsel in jurisdictions across the United States and a multiple days-long mediation, and it is a fair, reasonable and adequate Settlement. For these reasons, preliminary approval is warranted.[2]

---

[1] Unless otherwise defined, all capitalized terms have the same meaning as set forth in the Stipulation of Settlement.
[2] The Parties have agreed upon a form Proposed Order Preliminarily Approving Settlement and Providing For Notice, which is Exhibit 4 to the Stipulation of Settlement filed herewith.

Pursuant to the Stipulation of Settlement, as described further below, Defendants have agreed to forego collection of any outstanding balances (including principal, interest, and fees) on any and all Covered Student Loan or Loans listed on Exhibit 1 to the Stipulation of Settlement (borrowers of the Covered Student Loan or Loans collectively shall be the "Settlement Class, the "Class," or "Class Members"). Under this Settlement, Navient will never again attempt to collect any amounts on a Covered Student Loan or Loans, giving the Class over $54 million in debt relief. Those Class Members who made payments from their personal funds to Navient post-discharge will receive damages from Navient for a portion of those payments, in an amount equal to their *pro rata* share of a Settlement Fund of $28 million, less Class Counsel's court-approved fees and expenses, service fees for Class Representatives, and Notice and Administrative Costs. As a part of the Agreement, Navient also has agreed to take steps to either delete all trade lines at Credit Reporting Agencies or update the trade lines to reflect that the loan was subject to a bankruptcy discharge, while taking all commercially reasonable steps not to refresh any trade lines on any Class Member's Consumer Credit Report. Navient also has agreed to business practice enhancements to ensure that they do not collect on similar loans post-bankruptcy in the future. As such, the Settlement offers substantial relief to the Settlement Class while also taking into account the substantial risks inherent in proceeding with litigation of this nature.

For all of these reasons, and as further described herein, Plaintiff respectfully requests that the Bankruptcy Court 1) grant preliminary approval of the Settlement, allowing Plaintiffs' counsel to provide Notice to the members of the Settlement Class, and 2) schedule a Final Approval Hearing. *See* Fed. R. Civ. P. 23(e). Plaintiff also respectfully requests to be appointed as one of the class representatives for the Settlement Class and for his counsel to be appointed as Class Counsel. *See* Fed. R. Civ. P. 23(g). Finally, Plaintiff respectfully requests that the Bankruptcy

Court approve the proposed notice plan to which the parties agreed in the Stipulation of Settlement, as it meets the requirements of due process and is the best notice practicable under the circumstances. *See* Fed. R. Civ. P. 23(c).

<u>**THE LITIGATION AND SETTLEMENT OVERVIEW**</u>

I.    **The *Woodard* Litigation and Similar Actions Brought by Undersigned Counsel Across the Nation.**

On June 6, 2008, Kenneth J. Woodard filed for bankruptcy relief in the United States Bankruptcy Court for the District of Nebraska (Case No. 08-81442). A discharge order was signed on December 17, 2013. Kenneth J. Woodard filed a motion to reopen his bankruptcy proceeding on November 30, 2021. An order granting the motion to reopen his bankruptcy proceeding was granted on December 6, 2021.

On December 9, 2021, Woodard filed an adversary complaint (Adv. Proc. No. 21-08023) captioned *Kenneth J. Woodard v. Navient Solutions, LLC et al.* in the United States Bankruptcy Court for the District of Nebraska ("*Woodard*"), asserting claims on behalf of himself and a class of similarly-situated individuals, including: a claim for declaratory judgment and injunctive relief that his loan and similar loans had been subject to discharge; a claim for violation of the statutory discharge injunction; and a claim for actual damages. On June 13, 2023, Woodard amended his adversary complaint for a final time to include certain statutory claims pursuant to the Fair Debt Collection Practices Act.

On February 21, 2018, Stephanie A. Mazloom filed for bankruptcy relief in the United States Bankruptcy Court for the Northern District of New York, Case No. 18-60206. A discharge order was signed on June 4, 2018. Stephanie A. Mazloom filed a motion to reopen her bankruptcy proceeding on June 10, 2020. An order granting the motion to reopen her bankruptcy proceeding was granted on June 24, 2020.

On March 7, 2007, Robert and Molly Crandall filed for bankruptcy relief in the United States Bankruptcy Court for the Northern District of New York (Case No. 07-30439). A discharge order was signed on September 25, 2012. The Crandalls filed a motion to reopen their bankruptcy proceeding on November 9, 2022. An order granting the motion to reopen their bankruptcy proceeding was granted on December 1, 2022.

On July 2, 2020, Stephanie A. Mazloom filed an adversary complaint (Adv. Proc. No. 20-80033) captioned *Stephanie A. Mazloom v. Navient Solutions, LLC et al.* in the United States Bankruptcy Court for the Northern District of New York ("*Mazloom*"), asserting claims on behalf of herself and a class of similarly-situated individuals, including: a claim for declaratory judgment and injunctive relief that her loan and similar loans had been subject to discharge; a claim for violation of the statutory discharge injunction; and a claim for actual damages. On November 9, 2022, Mazloom moved to amend the complaint to add Robert and Molly Crandall as additional plaintiffs. On March 16, 2023, the court granted that motion and the amended complaint was filed adding Robert and Molly Crandall as plaintiffs.

On September 28, 2010, Kelly K. Coyle filed for bankruptcy relief in the United States Bankruptcy Court for the Western District of Michigan (Case No. 10-11694). A discharge order was signed on June 3, 2016. Kelly K. Coyle filed a motion to reopen her bankruptcy proceeding on December 1, 2021. An order granting the motion to reopen her bankruptcy proceeding was granted on December 13, 2021.

On March 4, 2022, Kelly K. Coyle filed an adversary complaint (Adv. Proc. No. 22-80018) captioned *Kelly K. Coyle v. Navient Solutions, LLC et al.* in the United States Bankruptcy Court for the Western District of Michigan, asserting claims on behalf of herself and a class of similarly-situated individuals, including: a claim for declaratory judgment and injunctive relief that her loan

and similar loans had been subject to discharge; a claim for violation of the statutory discharge injunction; and a claim for actual damages.

On May 10, 2020, Oscar D. Teran filed for bankruptcy relief in the United States Bankruptcy Court for the Northern District of California (Case No. 10-31718). A discharge order was signed on August 17, 2020.

On August 31, 2020, Oscar D. Teran filed an adversary complaint (Adv. Proc. No. 20-03075) captioned *Oscar D. Teran v. Navient Solutions, LLC et al*. in the United States Bankruptcy Court for the Northern District of California ("Teran"), asserting claims on behalf of himself and a class of similarly situated individuals, including: a claim for declaratory judgment and injunctive relief that his loan and similar loans had been subject to discharge; a claim for violation of the statutory injunction; and a claim under the California Consumer Credit Reporting Act.

Motions for class certification were filed in *Woodard*, *Mazloom*, *Coyle, and Teran*, and cross-motions for summary judgment were filed in *Mazloom.* On January 26, 2023, the Court in *Mazloom* granted in part and denied in part the parties' cross-motions for summary judgment, holding that Mazloom's loan in question was not made as part of a program funded by a government unit, but that it was a qualified educational loan. Mazloom appealed that decision. On March 8, 2023, the Court in *Woodard* granted Woodard's motion for class certification, certifying a class covering all borrowers who received discharges in bankruptcy courts within the Eighth Circuit. On March 30, 2023, the Court in *Teran* granted Oscar D. Teran's motion for class certification, certifying a damages class covering all borrowers who received discharges in bankruptcy within the Ninth Circuit, and a nationwide injunctive class. On January 11, 2023, Coyle's motion for class certification was argued before the Coyle Court, and that motion remains fully briefed and pending decision.

The parties hereto have engaged in extensive discovery, including the exchange of written discovery requests and responses, the production of voluminous numbers of documents, and substantial deposition activity. They have also engaged in extensive briefing on multiple issues, including the arbitrability of the asserted claims; the scope and applicability of the exceptions to discharge set forth in 11 U.S.C. § 523(a)(8); the geographical limitations on a court's ability to enforce discharge injunctions, discovery disputes, summary judgment motions as to particular loan programs, and class certification under the Federal Rules of Civil Procedure.

Based on the discovery conducted, the evaluation of the facts and the law, and multiple mediation sessions with mediator Eric Green, the parties hereto have agreed (subject to court approval) to a settlement covering certain student loans to borrowers who received bankruptcy discharges throughout the United States (excluding borrowers who received bankruptcy discharges in bankruptcy courts in the United States Fifth Circuit, as those borrowers received relief in the settlement of the claims brought by undersigned counsel in the case captioned *Evan Brian Crocker v. Navient Solutions, LLC et al*., Adv. Proc. No. 16-03175 (S.D. Tex.)).

## II.   The Terms of the Proposed Settlement.

The people covered by the proposed Settlement are referred to as the "Settlement Class" or "Class" or "Class Members." With some limited exceptions, described below, the Settlement Class includes all individuals who meet each of the following criteria: (1) they filed for bankruptcy protection in any United States Bankruptcy Court located outside of the states of Texas, Louisiana, and Mississippi on or after October 17, 2005; (2) before their bankruptcy filing, they became obligated to repay one or more "Covered Student Loans," either as a borrower or as a co-borrower; (3) they obtained in their bankruptcy case an order of discharge issued by the bankruptcy court; and (4) they have never reaffirmed their "Covered Student Loan(s)."

For purposes of the proposed Settlement, a "Covered Student Loan" is generally defined as a student loan that: (a) was not made, insured, or guaranteed by a governmental unit or non-profit institution; (b) was not made under any program funded in whole or in part by any governmental entity or non-profit institution; (c) was for attendance at a school that was not accredited under Title IV of the Higher Education Act of 1965; and (d) is owned or serviced by Navient. The specific loans that are covered by the Settlement are listed on a "Covered Loan List" that is attached as Exhibit 1 to the Stipulation of Settlement. *See* Burge Decl. at ¶ 2.

The Settlement provides significant relief to the Class. Navient will forego collection from all Class Members of all outstanding balances (including principal, interest, and fees) on all Covered Loans, effectively granting *complete* debt relief to these Class Members for their affected educational loans. Stipulation of Settlement. at 5.3. Through this provision, the Class will obtain complete debt relief, valued in excess of $54 million. For those Class Members who made payments from their personal funds to Navient post-discharge, Navient will pay damages for a portion of those payments, in an amount equal to their *pro rata* share of a Settlement Fund of $28 million, less Class Counsel's court-approved fees and expenses, service fees for Class Representatives, and Notice and Administrative Costs. *Id.* at 5.4-5.5. Each Class Member who wishes to participate in distributions from the Settlement Fund will have to submit a Claim Form certifying that he or she made the post-discharge payments. *Id.* at 8.4, 8.8. For all Class Members, Navient will provide credit repair, either by deleting the trade lines, or by updating the trade lines to reflect that the loan was subject to a bankruptcy discharge, while taking all commercially reasonable steps not to refresh any trade lines on any Class Member's Consumer Credit Report. *Id.* at 5.6. Navient also has agreed to business practice enhancements to ensure that they do not collect on similar loans post-bankruptcy in the future. Thus, the Settlement addresses the core

complaints of Plaintiff and the Class and provides relief to Class Members, including the sum of $28 million in monetary relief. As such, the Settlement offers substantial relief to the Settlement Class while also taking into account the substantial risks inherent in proceeding with litigation of this nature.

Finally, all Class Members shall be provided Notice and an opportunity to Opt Out of the Stipulation of Settlement, should they wish to preserve their claims against Navient. *Id.* at 8.14, 8.16, 8.17. If a sufficient number of Class Members choose to Opt Out of the Settlement, then Navient has the option to terminate the Stipulation of Settlement, at which point the Parties would be returned to their position prior to reaching this agreement. *Id.* at 4.53(d), 10.3.

## III.    The Proposed Notice

The Stipulation of Settlement provides that Class Counsel shall cause a Settlement Administrator to disseminate the Class Notice, substantially in the form of Exhibit 2 to the Stipulation of Settlement, in accordance with the Settlement and as ordered by the Bankruptcy Court. Settlement, § VII.

In order that the Settlement Administrator is able to provide timely Class Notice, no later than five (5) business days after entry of the Preliminary Approval Order, Navient shall provide or cause to be provided to the Settlement Administrator a list in electronic format of Discharged Non-Title IV Borrowers who have a Non-Title IV Damages Claim that contains the following information:

> i.     The amount of the Discharged Non-Title IV Borrower's Non-Title IV Damages Claim;
>
> ii.    the loans for which the Discharged Non-Title IV Borrower shall receive Non-Title IV Debt Relief; and

   iii. the Discharged Non-Title IV Borrower's mailing and email addresses and telephone number.

The Settlement Administrator shall, on or before the Notice Mailing Date, (i) mail the Class Notice and Non-Title IV Claim Form to all Class Members via first class mail through the United States Postal Service, postage pre-paid, at the addresses provided by Navient and (ii) email the Class Notice and Non-Title IV Claim Form to all Class Members at any email address provided by Navient.

The Class Notice shall identify the (i) amount of the Discharged Non-Title IV Borrower's Non-Title IV Damages Claim, (ii) the loans for which he or she will receive debt relief pursuant to ¶ 7.2 of the Settlement, and (iii) and advise the Class Member of his or her right to submit a Non-Title IV Claim Form to claim their *pro rata* share of the Non-Title IV Settlement Fund.

Within three (3) business days of the Notice Mailing Date, the Settlement Administrator shall provide Class Counsel with written confirmation that the Class Notice has been mailed and emailed to all Class Members.

If any Notice is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement Administrator shall re-mail the Notice to that forwarding address. If an email is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall inform Class Counsel.

The Settlement Administrator shall use commercially reasonable efforts (through the skip-tracing or other methods) to obtain a valid mailing address for every Class Member whose Notice is returned to the Settlement Administrator as undeliverable without the provision by the Postal Service of any forwarding address. The Settlement Administrator shall re-mail the Class Notice to

all such Class Members at any new addresses it is able to locate through this process. The costs of skip tracing efforts shall be included in the Notice and Administration Costs.

## **ARGUMENT**

**I.    The Court Should Preliminarily Approve the Proposed Settlement.**

Undersigned counsel have worked diligently to reach a fair, reasonable, and adequate settlement. Plaintiff and his counsel believe the claims the Settlement resolves are meritorious. They recognize, however, that there is significant risk and expense associated with continuing to prosecute these claims through trial and any further appeals. In negotiating and evaluating the Settlement, Plaintiff and undersigned counsel have taken these costs and uncertainties into account, as well as the delays inherent in complex class action litigation. In light of the foregoing considerations, undersigned counsel believe the present Settlement provides an excellent outcome for the Settlement Class and is thus in the best interests of the Settlement Class.

### **A.  Legal Standard.**

Rule 23(e) requires court approval of any settlement of claims brought on a class basis. "The claims . . . of a . . . class proposed to be certified for purposes of settlement – may be settled ... or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The "court may approve [a class action settlement] . . . only on finding that [the settlement] is fair, reasonable and adequate . . .." Fed. R. Civ. P. 23(e)(2). "Under Federal Rule of Civil Procedure 23(e), the district court acts as a fiduciary, serving as a guardian of the rights of absent class members. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F. 3d 922, 932 (8th Cir. 2005), *citing Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 123 (8th Cir. 1975). "The court's role in reviewing a negotiated class settlement is ... 'to ensure that the agreement is not the product of fraud or collusion and that, taken

as a whole, it is fair, adequate, and reasonable to all concerned.'" *Marshall v. Nat'l Football League*, 787 F.3d 502, 509 (8th Cir. 2015) (citation omitted).

In order to determine whether a settlement is "fair, reasonable, and adequate," courts in the Eighth Circuit have traditionally considered four factors in determining whether a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement (the "*Van Horn* factors"). *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir.1988). "The most important consideration in deciding whether a settlement is fair, reasonable, and adequate is 'the strength of the case for plaintiffs on the merits, balanced against the amount offered in settlement.'" *In re Wireless Telephone,* 396 F.3d at 933, *citing Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1150 (8th Cir.1999) (internal quotations omitted).

Additionally, pursuant to amendments to Federal Rule of Civil Procedure 23(e)(2) in 2018, a Court must also consider the following Rule 23(e)(2) factors:[3]

>  (A) the class representatives and class counsel have adequately represented the class;
>  (B) the proposal was negotiated at arm's length;
>  (C) the relief provided for the class is adequate, taking into account:
>    (i) the costs, risks, and delay of trial and appeal;
>    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>    (iv) any agreement required to be identified under Rule 23(e)(3); and
>  (D) the proposal treats class members equitably relative to each other.

The burden is on the settlement proponents to demonstrate the settlement's fairness. Fed. R. Civ. P. 23(e)(2).

---

[3] *Swinton v. SquareTrade, Inc.*, 454 F.Supp.3d 848, 861 (explaining that courts should consider both the (e)(2) factors, and the *Van Horn* factors).

In considering the *Van Horn* factors, courts should keep in mind that "[p]articularly in class action suits, there is an overriding public interest in favor of settlement. *In re Charter Communications, Inc., Securities Litigation,* 2005 WL 4045741 at *4 (E.D. Mo. June 30, 2005), *citing Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977). Accordingly, a "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (citing *Manual for Complex Litigation, Third,* § 30.42 (1995)) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms'-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted). The proposed Settlement here falls well within the range of possible approval, under both the *Van Horn* factors and the Rule 23(e)(2) factors.

### B.  The Settlement Meets each of the *Van Horn* Factors.

#### 1.  The merits of the plaintiff's case, weighed against the terms of the settlement.

In this class action and the other similar actions brought across the nation by undersigned counsel, Plaintiff has alleged that Navient violated the discharge injunction found in Section 524 of the Bankruptcy Code by continuing to collect on discharged educational loans after the class members' bankruptcy discharges. The parties are each represented by capable counsel, who have litigated the primary merits issue—whether the loans at issue are exempt from dischargeability under 11 U.S.C. § 523(a)(8)(A)(ii)—in several different jurisdictions over the past seven years. Nonetheless, there are numerous issues the Plaintiff would still have to surmount after class certification in order to obtain a final verdict that could withstand appeal in this case, including the availability of damages for discharge violations under the Supreme Court's decision in *Taggart v.*

*Lorenzen*, 139 S. Ct. 1795, 204 L. Ed. 2d 129 (2019) and the availability of extra-district class

relief after the Fifth Circuit's decision in *In re Crocker*, 941 F.3d 206 (5th Cir. 2019). Pursuant to

the Stipulation of Settlement, as described further below, Defendants have agreed to forego

collection of any outstanding balances (including principal, interest, and fees) on any and all

Covered Student Loans (listed on Exhibit 1 to the Stipulation of Settlement) throughout the nation.

Under this agreement, Navient will never again attempt to collect any amounts on the Covered

Student Loans, giving the Class over $54 million in debt relief.

Moreover, those Class Members who made payments from their personal funds to Navient

after their bankruptcy discharge will have the opportunity to make a claim for those payments, in

an amount equal to their *pro rata* share of a Settlement Fund of $28 million, less Class Counsel's

court-approved fees and expenses, service fees for Class Representatives, and Notice and

Administrative Costs. The total amount of post-discharge payments is slightly more than $37

million, so even after fees, expenses, and costs, class members can expect to receive at least 40%

of their payments, and potentially as much as 100%. As a part of the Agreement, Navient also has

agreed to take steps to either delete all trade lines at Credit Reporting Agencies or update the trade

lines to reflect that the loan was subject to a bankruptcy discharge, while taking all commercially

reasonable steps not to refresh any trade lines on any Class Member's Consumer Credit Report.

Navient also has agreed to business practice enhancements to ensure that they do not collect on

similar loans post-bankruptcy in the future.

This Settlement offers substantial relief to the Settlement Class while also taking into

account the substantial risks inherent in proceeding with litigation of this nature. Given the

Supreme Court's guidance in *Taggart*, it is unclear whether class members could obtain any further

relief over and above the terms of the Settlement in this action, and this Settlement offers the

possibility of obtaining that relief immediately, rather than after several more years of appeals. The benefits afforded by this Settlement represent a highly successful compromise of hotly disputed claims.

### 2.   The defendant's financial condition (*Van Horn*).

By means of this factor, courts analyze whether a defendant's financial condition is such that the amount of the Settlement is too high for the defendant to bear. Here, the monetary portion of the Settlement will be paid from insurance proceeds, so the defendant's financial condition is not an issue. Navient has the resources to continue litigating these actions through judgment and appeals in as many districts as they are brought. Their financial condition is a neutral factor.

### 3.   The complexity and expense of further litigation (*Van Horn*).

This adversary proceeding and the other similar actions brought across the nation by undersigned counsel, have, to date, lasted seven years. In any court that grants class certification, there is a potential appeal under Rule 23(f), and then a trial of the Plaintiff's classwide claims on the merits. Even if there was no stay pending a 23(f) appeal, after class certification the parties are likely at least a year away from final judgment, from which there would undoubtedly be an appeal given the uncertainty of the current state of the law following the *Taggart v. Lorenzen* decision. Save a settlement of these actions, final relief for this class would likely be years away, and then quite possibly on a piecemeal district-by-district, or circuit-by-circuit level. Obtaining relief for class members throughout the nation would require filing new proceedings and litigating those cases to judgment, multiplying the complexity and expense of this proceeding, and greatly delaying any recovery. This factor strongly favors resolving this action now.

### 4.   The amount of opposition to the settlement (*Van Horn*).

Mr. Woodard and the other class representatives in actions brought across the nation by undersigned counsel, along with said counsel enthusiastically endorse this Settlement. This Settlement awards substantial relief to the absent class members as regards debt relief, credit repair, and out-of-pocket damages, and secures the fresh start each of these class members was entitled to when he or she obtained his or her bankruptcy discharge. In as much as class members are receiving both debt relief and damages, every Class Member affected by Navient's alleged conduct—whether they made payments post-discharge or experienced post-discharge collection attempts and a ding on their credit—stands to receive a material benefit from this settlement. Undersigned counsel is unaware of any absent class members who have expressed any reservations about this outcome, but any such class members will have an opportunity to express any such objections once notice is issued.

In sum, all four *Van Horn* factors counsel in favor of preliminary approval of the Stipulation of Settlement.

### C.   The Settlement also Meets Each of the Rule 23(e)(2) factors.

### 1.   Adequate representation.

As noted herein, undersigned counsel, along with Woodard and the other class representatives in similar litigation brought by undersigned counsel across the country, have doggedly represented this class on a nationwide basis through seven years of active litigation. Woodard himself sat for a deposition and made himself available for the final two day-long mediation sessions that ultimately led to the confection of this settlement. Class counsel have aggressively represented this Class throughout, obtaining considerable interim relief in advance of this Settlement, including a nationwide halt in Navient's collection activity on non-title IV loans

and a nationwide partial forgiveness of interest. Undersigned counsel and Woodard have adequately represented the instant class.

### 2.    Arm's length negotiation.

The Stipulation of Settlement was the subject of arm's-length negotiation over the course of many months with an experienced mediator, Eric Green. The participation of a highly qualified mediator in settlement negotiations strongly supports a finding that negotiations were conducted at arm's length and without collusion. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) ("[A] court-appointed mediator's involvement in precertification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure."); *Tiro v. Pub. House Investments, LLC*, No. 11 CIV. 7679 CM, 2013 WL 2254551, at *2 (S.D.N.Y. May 22, 2013) ("The assistance of an experienced JAMS employment mediator . . . reinforces that the Stipulation of Settlement is non-collusive.").

Additionally, this Settlement is the product of arm's length negotiations by informed and experienced counsel, following the necessary discovery. With respect to discovery, Class Counsel conducted a thorough pre-suit investigation and evaluation of the relevant claims and defenses. Burge Decl. at ¶ 4a. Moreover, they have briefed a number of contested issues in the various Bankruptcy Courts in which they have proceeded, and conducted significant discovery in the course of the litigations, including serving requests for production, interrogatories, and requests for admission on Navient. In response to Plaintiff's document requests, Navient has produced over 100,000 pages of documents in the various litigations, all of which Class Counsel have analyzed. Class Counsel have also deposed a corporate representative of Navient pursuant to Fed. R. Civ. P. 30(b)(6) on many occasions, have deposed several other Navient representatives, and sought third-party discovery. *Id.* By engaging in thorough discovery and the litigation of these claims in the

Bankruptcy Court, Class Counsel has obtained the necessary understanding of the strengths and weaknesses of Plaintiff's claims.

### 3.   The adequacy of relief.

#### i.   Costs, risks, and delay of trial and appeal.

This Settlement offers Class Members the opportunity for immediate relief and avoids the inevitable delays of trial and appeals that would accompany obtaining a similar award following a trial. Further, given the Supreme Court's decision in *Taggart* and the Fifth Circuit's decision in *Crocker*, a final judgment in this case awarding even the relief obtained in this Settlement would face a risk of reversal on appeal.

#### ii.   The effectiveness of distribution.

Under this prong, courts are asked to consider "evaluation of any proposed claims process," and in particular whether "the method of claims processing [ensures] that it facilitates filing legitimate claims." *See* 2018 advisory committee notes to Rule 23(e)(2), ¶¶ C & D. And indeed, in the Stipulation of Settlement, the parties gave considerable thought to designing a claims process that would be as seamless and simple for class members as possible.

Because of the unique ascertainability of these Class Members—all are former or current borrowers of loans serviced by Navient—Navient has the identity and last known address of all Class Members. The debt relief and the credit repair obtained in this Settlement will be automatic and will require no claims process at all. Navient will grant 100% debt relief and credit repair to all Class Members. For the monetary relief aspect of the Settlement, there is a reasonable claims process proposed in the Stipulation of Settlement, which will be managed by an experienced Settlement Administrator who shall, per the Settlement, (i) mail the Class Notice and Non-Title IV Claim Form to all Class Members via first class mail through the United States Postal Service,

postage pre-paid, at the addresses provided by Navient and (ii) email the Class Notice and Non-Title IV Claim Form to all Class Members at any email address provided by Navient. To the extent mail is returned undeliverable to the Settlement Administrator, there is a provision in the Settlement to use commercially reasonable efforts to obtain a valid mailing address, and to re-mail the Class Notice and Non-Title IV Claim Form to any new addresses it is able to locate through this process.

### iii.     The terms of any proposed award of attorney's fees.

The parties have not discussed any proposed award of attorney's fees except to agree that any fees and/or expenses to be awarded by the District Court shall be paid solely from and out of the Non-Title IV Settlement Fund. Undersigned counsel intends to support its request for a fee and/or expense award through a separate filing.

### iv.     Any agreements required to be disclosed under 23(e)(3).

Rule 23(e)(3) requires that "the parties seeking approval must file a statement identifying any agreement made in connection with the proposal." All agreements made in connection with the Settlement are contained within the Stipulation of Settlement.

### 4.     The proposal treats class members equitably.

This final Rule 23(e)(2) factor "calls attention to a concern that may apply to some class action settlements--inequitable treatment of some class members vis-a-vis others. Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." 2018 Advisory Committee notes to Rule 23(e)(2), ¶¶ C & D.

Here, the Stipulation of Settlement ensures that all Class Members receive meaningful relief. It is certainly true that some Class Members may receive only debt relief and credit repair, while others may receive only damages, but the Stipulation of Settlement preserves the possibility of complete recovery for both groups of Class Members, and ensures meaningful recovery for all.

\* \* \*

Thus, application of both the *Van Horn* factors and the Rule 23(e)(2) factors indicates that the Settlement is fair, reasonable, and adequate. As such, Plaintiff respectfully requests that the Bankruptcy Court preliminarily approve the Settlement.

## II.    The Court Should Preliminarily Certify the Settlement Class.

The Bankruptcy Court should preliminarily certify the Settlement Class contemplated by the Stipulation of Settlement. Classes certified solely for purposes of settlement are "a stock device" in litigation, the utility of which is recognized in all Federal Circuits. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 618 (1997). Rule 23 provides that a court must certify an action as a class action where the class satisfies the four prerequisites of Rule 23(a), and one of the three criteria set forth in Rule 23(b). *Id.* Here, for the reasons previously explained in the Court's Order on Plaintiff's Motion for Class Certification [Doc. 54], which will be briefly restated herein, the proposed Settlement Class satisfies the relevant requirements of Rule 23(a) and Rule 23(b)(3).

### A.  Numerosity

Rule 23(a)(1) requires Plaintiff to demonstrate that "the class is so numerous that joinder of all members is impracticable." As the Court wrote in its Order granting class certification, "[w]hile the Eighth Circuit Court of Appeals has not established a minimum number of plaintiffs that makes joinder impracticable and a class action desirable, a proposed class of approximately 2,000 members has been found to be 'sufficiently large that joinder is impracticable, and a class

action is desirable.' *Cervantes v. CRST Int'l, Inc.*, No. 20-CV-75-CJW-KEM, 2022 WL 2130811, at *4 (N.D. Iowa June 14, 2022). The proposed class of plaintiffs here covers thousands of borrowers with over 11,000 loans, and is sufficiently large to meet the numerosity requirement." Dkt. No. 54, p. 5.

### B. Commonality

Commonality is satisfied when "there are questions of law or fact common to the class[.]" Fed. R. Civ. P. 23(a)(2). The claims of the individual class members "must depend upon a common contention …. That common contention [] must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* As the Court analyzed in its Order granting class certification,

> Commonality – that there be 'questions of law or fact common to the class' – is not a difficult standard to meet. *Wineland v. Casey's General Stores, Inc.*, 267 F.R.D. 669, 674 (S.D. Iowa 2009). A party need simply show that 'the legal question linking the class members is substantially related to the resolution of the litigation.' *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Commonality "'does not require that every question of law or fact be common to every member of the class . . . and may be satisfied, for example, where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.'" *Downing v. Goldman Phipps PLLC*, Case No. 4:13CV206 CDP, 2015 WL 4255342, at *4 (E.D. Mo. July 14, 2015) (quoting *Paxton v. Union Nat. Bank*, 688 F.2d 552, 561 (8th Cir. 1982)).

The Court concluded its analysis of commonality with the "overarching complaint of the proposed class members here is Navient's alleged violation of the discharge injunction. While not every question of law or fact may be common to every class member, the issues concerning the alleged violation are substantially related." Dkt. No. 54, pp. 5-6. Thus, the requirement of commonality has been satisfied.

### C.  Typicality

Typicality is likewise satisfied here as Plaintiff's claims are typical of the claims of the Class. "The commonality and typicality requirements of Rule 23(a) tend to merge." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 n.5 (2011) (quoting *Falcon*, 457 U.S. at 157 n.13). Like commonality, the Court in its Order granting class certification concluded "the claims of the proposed class in this case all arise from Navient's alleged violation of the bankruptcy discharge injunction." Dkt. No. 54, p. 6. Therefore, typicality is satisfied.

### D.  Adequacy of Representation

Adequacy of representation tends to merge with commonality, though it "also raises concerns about the competency of class counsel and conflicts of interest." *Wal-Mart*, 564 U.S. at 350 n.5 (quoting *Falcon*, 457 U.S. at 157 n.13). "'To make this determination [as to adequacy], a court must ascertain 'whether: (1) the class representatives have common interests with the members of the class, and (2) the class representatives will vigorously prosecute the interests of the class through qualified counsel.' *Cervantes*, 2022 WL 2130811, at *5 (quoting *Paxton*, 688 F.2d at 562–63))." Dkt. No. 54, p. 6.

Class Counsel is well qualified and experienced in class action lawsuits, complex commercial litigation, bankruptcy law and procedure, and student loan litigation. *See* Declarations of Class Counsel in Support of Class Certification, at Rec. Docs. 28-9, 28-20, and 28-21. As noted above in the discussion of the settlement factors, Class Counsel have litigated the Settlement Class's claims thoroughly and with vigor, and have participated in days of lengthy mediation to reach the proposed Settlement. Further, Class Counsel have no interests that are adverse to those of Plaintiff or the Settlement Class.

Indeed, Plaintiff and Class Counsel have already obtained significant relief for the class, through the filing of a Motion for Preliminary Injunction and the negotiation of an Agreed Order pursuant to which Navient has stopped collection activity against Class Members during the pendency of this suit. Plaintiff and Class Counsel have also successfully litigated the merits of this dispute through resolution in the United States Fifth Circuit, and obtained a ruling that Class Members' educational loans are dischargeable under 11 U.S.C. § 523(a)(8).

As the Court concluded in its Order as to class certification, "Woodard is fully engaged in expeditiously pursuing this litigation on behalf of similarly situated borrowers, and he is relying on highly capable counsel to guide him." Dkt. No. 54, p. 6. For these reasons, the adequacy requirement is satisfied.

### E. Predominance and Superiority

In addition to satisfying the four requirements of Rule 23(a), the proposed class also satisfies the requirements of Rule 23(b)(3) that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that class treatment "is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

As this Court concluded in its Order granting class certification, "the necessity for . . .] individualized findings in the future should not derail the efficiencies of ascertaining liability through a class action." Dkt. No. 54, p. 8. Furthermore, "[t] The economies of going forward as a class also favor the plaintiff. Navient's records indicate there are more than 1,000 borrowers, and many of them have a relatively low average outstanding principal balance of less than $2,500. Given present litigation costs, it is unlikely that individual borrowers would be willing to pursue their claims against Navient, so becoming part of a class action would be in their best interests.

Likewise, judicial economy favors a class action in one court instead of hundreds of individual

lawsuits filed in multiple courts. The plaintiff has shown under Rule 23(b) that this proposed class

action is the type of case that is appropriate for going forward as a class action under federal

procedural rules." Dkt. No. 54, p. 9.

### III.     The Court Should Approve the Proposed Notice Plan.

Rule 23(e)(1) requires the Bankruptcy Court to "direct notice in a reasonable manner to all

class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). The Bankruptcy

Court has broad discretion to approve the proposed manner of giving notice, so long as the

procedures are reasonable and comport with due process. *DeBoer v. Mellon Mortg. Co.*, 64 F.3d

1171, 1176 (8th Cir. 1995) ("Notice of a settlement proposal need only be as directed by the district

court, Fed. R. Civ. P. 23(e), and reasonable enough to satisfy due process."); *3 Newberg on Class

Actions* § 8:18 (5th ed.) at 223 ("[T]he court's formulation of an adequate notice procedure

under Rule 23(e) is limited only by constitutional due process considerations.").

Rule 23(c)(2)(B) also provides that, for any class certified under Rule 23(b)(3), "the court

must direct to class members the best notice that is practicable under the circumstances, including

individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P.

23(c)(2)(B). It further provides that the notice must include: "(i) the nature of the action; (ii) the

definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member

may enter an appearance through an attorney if the member so desires; (v) that the court will

exclude from the class any member who requests exclusion; (vi) the time and manner for

requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule

23(c)(3)." *Id*; *see also Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 122 (8th Cir. 1975) ("As

a general rule, the contents of a settlement notice must fairly apprise the prospective members of

the class of the terms of the proposed settlement and of the options that are open to them in connection with (the) proceedings.") (citations and quotations omitted).

Here, the proposed notice plan is reasonable and meets the requirements of the Federal Rules of Civil Procedure and due process. As described above, notice will be provided to the Class promptly after the entry of the Preliminary Approval Order. Stipulation of Settlement, ¶ 7.2 (noting that Notice shall be provided to Class Members not later than five business days after the Court's approval of the Notice). Here, Navient's records and publicly available bankruptcy court records permit identification of all Class Members, allowing Notice to be sent directly to them. *Id.* at ¶ 7.3. The Settlement Administrator will mail notice directly to Class Members via first class mail to all Class Members at each Class Member's last known address and email a Class Notice to any email address Navient has on file. *Id.* If any Class Notices are returned, the Settlement Administrator will re-mail the Notice to any forwarding address that is provided. *Id.* at ¶ 7.6. In addition, the Settlement Administrator will use commercially available efforts to obtain a valid mailing address for every Class Member where a Class Notice is returned without a forwarding address. *Id.* at ¶ 7.7. As such, the Notice will be provided to all Class Members in a timely fashion, giving them sufficient time to decide whether to participate in the Settlement, object or opt out. Stipulation of Settlement, Exhibit 1. Thus, this proposed notice plan more than meets the reasonableness standard.

In addition, the proposed Notice is sufficiently detailed, as required by Rule 23(c)(3). The Notice describes the nature of the Action, defines the Settlement Class, explains the Released Claims, as well as the monetary and other terms of the Settlement, and fully details the Settlement Class Members' rights. *See* Stipulation of Settlement, Exhibit 1. It will also indicate the time and place of the Final Approval Hearing, and the processes for opting out of and/or objecting to the

Settlement. *Id*. It also details the means by which undersigned counsel may request fees and expenses, service fees for Class Representatives, and Notice and Administrative Costs, and provides contact information for Class Counsel. *Id*.

For these reasons, the proposed notice plan is not only reasonable but also the best notice that is practicable under the circumstances.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Bankruptcy Court: (1) preliminarily approve the Stipulation of Settlement; (2) certify the Settlement Class and appoint class representatives and Fishman Haygood LLP, Jones Swanson Huddell LLC, Boies Schiller Flexner LLP, Francis Mailman Soumilas, PC and the Law Office of James A. Michel as Class Counsel; (3) set a date and time for the Final Approval Hearing; and (4) approve the form and manner of Notice.

Dated: June 19, 2023.

Respectfully submitted,

By:   */s/ Jason W. Burge*
      Jason W. Burge (*pro hac vice*)
      SBN (LA) 30420
      FISHMAN HAYGOOD L.L.P.
      201 St. Charles Avenue, 46th Floor
      New Orleans, Louisiana 70170-4600
      (504) 586-5252; (504) 586-5250 fax
      jburge@fishmanhaygood.com

      Lynn E. Swanson (*pro hac vice*)
      SBN (LA) 22650
      JONES SWANSON HUDDELL & DASCHBACH LLC
      601 Poydras Street, Suite 2655
      New Orleans, Louisiana 70130
      (504) 523-2500; (504) 523-2508
      lswanson@jonesswanson.com

Adam R. Shaw
George F. Carpinello
BOIES SCHILLER FLEXNER LLP
30 South Pearl Street
Albany, NY 12207
(518) 434-0600
ashaw@bsfllp.com
gcarpinello@bsfllp.com

James A. Francis
John Soumilas
Jordan M. Sartell
FRANCIS MAILMAN SOUMILAS, P.C.
1600 Market St., Suite 2510
Philadelphia, PA 19103
215-735-8600; 215-940-8000 (fax)
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
jsartell@consumerlawfirm.com

Erika Angelos Heath
FRANCIS MAILMAN SOUMILAS, P.C.
369 Pine Street, Suite 410
San Francisco, CA 94104
628-246-1352; 215-940-8000 (fax)
eheath@consumerlawfirm.com

James A. Michel
THE LAW OFFICE OF JAMES MICHEL
2912 Diamond St. #373
San Francisco, CA 94131-3208
415-239-4949
attyjmichel@gmail.com

***Counsel to Plaintiff***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this  19th  day of June, 2023, a true and correct copy of the above pleading was served via the Court's electronic case filing system (CM/ECF) to all parties registered to receive such notice in the above-captioned proceeding.

*/s/ Jason W. Burge*