## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated June 19, 2023 is entered into by and between (i) Plaintiff Kenneth J. Woodard, individually and on behalf each Class Member, and (ii) Defendants Navient Solutions, LLC and Navient Credit Finance Corporation ("Navient" or "Defendants"), by and through their counsel of record in the Litigation. The Stipulation is intended to fully, finally, and forever resolve, discharge, and settle on a nationwide basis the Released Claims, subject to the preliminary approval of the Bankruptcy Court and the final approval of the District Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION AND SETTLEMENT OVERVIEW

1.1    On June 6, 2008, Kenneth J. Woodard filed for bankruptcy relief in the United States Bankruptcy Court for the District of Nebraska (Case No. 08-81442). A discharge order was signed on December 17, 2013. Kenneth J. Woodard filed a motion to reopen his bankruptcy proceeding on November 30, 2021. An order granting the motion to reopen his bankruptcy proceeding was granted on December 6, 2021.

1.2    On December 9, 2021, Kenneth J. Woodard filed an adversary complaint (Adv. Proc. No. 21-08023) captioned *Kenneth J. Woodard v. Navient Solutions, LLC et al.* in the United States Bankruptcy Court for the District of Nebraska ("*Woodard*"), asserting claims on behalf of himself and a class of similarly-situated individuals, including: a claim for declaratory judgment and injunctive relief that his loan and similar loans had been subject to discharge; a claim for violation of the statutory discharge injunction; and a claim for actual damages. On June 13, 2023, Kenneth J. Woodard amended his adversary complaint for a final time to include certain statutory claims pursuant to the Fair Debt Collection Practices Act.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

1.3    On February 21, 2018, Stephanie A. Mazloom filed for bankruptcy relief in the United States Bankruptcy Court for the Northern District of New York, Case No. 18-60206.  A discharge order was signed on June 4, 2018.  Stephanie A. Mazloom filed a motion to reopen her bankruptcy proceeding on June 10, 2020.  An order granting the motion to reopen her bankruptcy proceeding was granted on June 24, 2020.

1.4    On March 7, 2007, Robert and Molly Crandall filed for bankruptcy relief in the United States Bankruptcy Court for the Northern District of New York (Case No. 07-30439).  A discharge order was signed on September 25, 2012.  The Crandalls filed a motion to reopen their bankruptcy proceeding on November 9, 2022.  An order granting the motion to reopen their bankruptcy proceeding was granted on December 1, 2022.

1.5    On July 2, 2020, Stephanie A. Mazloom filed an adversary complaint (Adv. Proc. No. 20-80033) captioned *Stephanie A. Mazloom v. Navient Solutions, LLC et al.* in the United States Bankruptcy Court for the Northern District of New York ("*Mazloom*"), asserting claims on behalf of herself and a class of similarly-situated individuals, including: a claim for declaratory judgment and injunctive relief that her loan and similar loans had been subject to discharge; a claim for violation of the statutory discharge injunction; and a claim for actual damages.  On November 9, 2022, Stephanie A. Mazloom moved to amend the complaint to add Robert and Molly Crandall as additional plaintiffs.  On March 16, 2023, the court granted that motion and the amended complaint was filed adding Robert and Molly Crandall as plaintiffs.

1.6    On September 28, 2010, Kelly K. Coyle filed for bankruptcy relief in the United States Bankruptcy Court for the Western District of Michigan (Case No. 10-11694).  A discharge order was signed on June 3, 2016.  Kelly K. Coyle filed a motion to reopen her bankruptcy

DocuSign Envelope ID: B3CBE4A6-15F8-4F04-AAA4-525E939A41D2

proceeding on December 1, 2021.  An order granting the motion to reopen her bankruptcy proceeding was granted on December 13, 2021.

1.7    On March 4, 2022, Kelly K. Coyle filed an adversary complaint (Adv. Proc. No. 22-80018) captioned *Kelly K. Coyle v. Navient Solutions, LLC et al.* in the United States Bankruptcy Court for the Western District of Michigan ("Coyle"), asserting claims on behalf of herself and a class of similarly-situated individuals, including: a claim for declaratory judgment and injunctive relief that her loan and similar loans had been subject to discharge; a claim for violation of the statutory discharge injunction; and a claim for actual damages.

1.8    On May 10, 2010, Oscar D. Teran filed for bankruptcy relief in the United States Bankruptcy Court for the Northern District of California (Case No. 10-31718).  A discharge order was signed on August 17, 2010.

1.9    On August 31, 2020, Oscar D. Teran filed an adversary complaint (Adv. Proc. No. 10-31718) captioned *Oscar D. Teran v. Navient Solutions, LLC et al.* in the United States Bankruptcy Court for the Northern District of California ("Teran"), asserting claims on behalf of himself and a class of similarly-situated individuals, including: a claim for declaratory judgment and injunctive relief that his loan and similar loans had been subject to discharge; a claim for violation of the statutory discharge injunction; and a claim under the California Consumer Credit Reporting Act.

1.10    Motions for class certification were filed in *Woodard*, *Mazloom*, *Teran*, and *Coyle*, and cross-motions for summary judgment were filed in *Mazloom.*  On January 26, 2023, the Court in *Mazloom* granted in part and denied in part the parties' cross-motions for summary judgment, holding that the loan in question to Stephanie A. Mazloom was not made as part of a program funded by a government unit, but that it was a qualified educational loan.  Stephanie A. Mazloom

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

appealed that decision.  On March 8, 2023, the Court in *Woodard* granted Kenneth J. Woodard's

motion for class certification, certifying a class covering all borrowers who received discharges in

bankruptcy courts within the Eighth Circuit.  On March 30, 2023, the Court in *Teran* granted Oscar

D. Teran's motion for class certification, certifying a damages class covering all borrowers who

received discharges in bankruptcy courts within the Ninth Circuit, and a nationwide injunctive

class.

    1.11    The parties hereto have engaged in extensive discovery, including the exchange of

written discovery requests and responses, the production of voluminous documents, and

substantial deposition activity.  They have also engaged in extensive briefing on multiple issues,

including the arbitrability of the asserted claims; the scope and applicability of the exceptions to

discharge set forth in 11 U.S.C. § 523(a)(8); the geographical limitations on a court's ability to

enforce discharge injunctions, discovery disputes, and class certification under the Federal Rules

of Bankruptcy Procedure and Federal Rules of Civil Procedure.

    1.12    Based on the discovery conducted, the evaluation of the facts and the law, and

multiple mediation sessions with mediator Eric Green, the parties hereto have agreed (subject to

court approval) to a settlement covering certain student loans to borrowers who received

bankruptcy discharges throughout the United States (excluding borrowers who received

bankruptcy discharges in bankruptcy courts in the United States Fifth Circuit, as those borrowers

received relief in the settlement of the claims in the case captioned *Evan Brian Crocker v. Navient

Solutions, LLC et al*., Adv. Proc. No. 16-03175 (S.D. Tex.)).

    1.13    No party to this Stipulation concedes or admits the validity of any position taken

by any other party.  All parties maintain that the claims, defenses, and positions they have asserted

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

are valid.  The parties have nonetheless agreed to enter into this Stipulation to avoid the expense,
delay, disruption, and uncertainty of further litigation.

1.14    This Stipulation (and all associated exhibits and attachments) are made solely for
purposes of attempting to consummate a settlement.  This Stipulation is made in compromise of
disputed claims.

1.15    The parties hereto reserve all, and do not waive any, rights, claims, and defenses.

## II.   CLASS REPRESENTATIVE'S CLAIMS AND THE BENEFITS OF SETTLEMENT

Class Representative and Class Counsel believe that the claims asserted in the Litigation
have merit and that the evidence developed to date supports the claims asserted therein.  However,
Class Representative and Class Counsel recognize and acknowledge the expense and length of
continued proceedings necessary to prosecute the Litigation through trial and through appeals.
Class Representative and Class Counsel also have accounted for the uncertain outcome and the
risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties
and delays inherent in this Litigation.  Class Representative and Class Counsel also are mindful of
the inherent problems of proof under, and possible defenses to, the bankruptcy law violations
alleged in the Litigation, including the risks of much smaller damages, if any, associated with
Navient's position that no nationwide class can lawfully be maintained.  Class Representative and
Class Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits
upon the Class.  Based on their own investigation and evaluation, Class Representative and Class

DocuSign Envelope ID: B3CBEAA6-1558-4F04-AAA4-525E939A41D2

Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Class Representative and the Class.

## III.    NAVIENT'S DENIAL OF LIABILITY

Throughout this Litigation, Navient has denied, and continues to deny, each and all the claims and contentions alleged by Class Representative, as well as any and all allegations of fault, liability, wrongdoing, or damages.    Among other things, Navient expressly has denied, and continues to deny, that it unlawfully collected on discharged non-Title IV loans.    Navient maintains that it has meritorious defenses to the claims alleged in the Litigation.    Additionally, Navient contends that no nationwide class could lawfully be certified for litigation purposes.    Navient is entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation.    Navient has determined that it is desirable and beneficial to it that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation. For the avoidance of any doubt, Navient makes no admission of liability, fault, damages, or any form of wrongdoing whatsoever, and this Settlement in no way represents, and may not be construed as, an admission of the merits of any claim.    Without limiting the foregoing, the Parties specifically agree that Navient's entry into this Stipulation may never be used in any other case or forum as evidence or support for the position that a Bankruptcy Court in one judicial district has the authority to adjudicate claims for the alleged violation of discharge orders entered in other judicial districts.

*        *        *

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Class Representative (on behalf of itself and the Class Members) and Navient, by and through their respective counsel that, subject to the approval of the District Court pursuant to Rule 23(e) of the

Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever, compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

## IV.    DEFINITIONS

As used in this Stipulation, the following terms shall have the meanings set forth below:

4.1    "Approval Date" means the date of the Preliminary Approval Order.

4.2    "Bankruptcy Court" means the United States Bankruptcy Court for the District of Nebraska.

4.3    "Claim(s)" means a paper or electronic claim submitted on a Non-Title IV Claim Form, substantially in the form attached hereto as Exhibit 3, to the Settlement Administrator.

4.4    "Claimant" means any person who submits a Claim to the Settlement Administrator.

4.5    "Class" means, collectively, all Discharged Non-Title IV Borrowers.

4.6    "Class Counsel" means, collectively, all counsel of record for the Class Representative in the Litigation.

4.7    "Class Member" or "Member of the Class" or "Settlement Class Member" means a Person who falls within the definition of the Class as set forth in ¶ 4.5.

4.8    "Class Representative" means Kenneth J. Woodard.

4.9    "Complaint" means the Amended Complaint filed in the Litigation on June 13, 2023, and docketed as ECF No. 70-1.

4.10    "Consumer Credit Report" means an individual's credit report issued by any of the three major Credit Reporting Agencies.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

4.11    "Credit Reporting Agency" means TransUnion, Experian, and Equifax.

4.12    "Defendants" means Navient Solutions, LLC and Navient Credit Finance Corporation.

4.13    "Defendants' Counsel" means Navient's counsel of record in the Litigation.

4.14    "Discharged Non-Title IV Borrower" means each borrower or co-borrower identified on the list of Non-Title IV Covered Loans attached as Exhibit 1.

4.15    "District Court" means the United States District Court for the District of Nebraska.

4.16    "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶ 10.1 of the Stipulation have been met and have occurred, or have been waived.

4.17    "Escrow Account" means an account at an institution to be agreed upon among the parties under the control of the Escrow Agent.

4.18    "Escrow Agent" means a third-party agent to be agreed upon among the parties.

4.19    "Fee and Expense Application" means an application submitted by Class Counsel for attorneys' fees and expenses to be paid solely out of the Non-Title IV Settlement Fund.

4.20    "Final" means five (5) business days after the latest of: (i) the date of final affirmance on appeal of the Order of Final Approval; (ii) the date of final dismissal with prejudice of the latest pending appeal from the Order of Final Approval; (iii) if no appeal is filed, the expiration of the time for the filing or noticing of any form of valid appeal from the Order of Final Approval.

4.21    "Final Approval Hearing" means a hearing set by the District Court to take place thirty (30) days after the Opt-Out Deadline and the Objection Deadline for the purpose of:

DocuSign Envelope ID: B3CBE4A6-1568-4F04-AAA4-525E939A41D2

    (i)      Determining the fairness, adequacy, and reasonableness of the Stipulation and the Settlement;

    (ii)     The Fee and Expense Application; and

    (iii)    Entering the Order of Final Approval.

4.22    "Litigation" means the adversary proceeding filed on December 9, 2021, in the United States Bankruptcy Court for the District of Nebraska, Adv. Proc. No. 21-08023, styled *Kenneth J. Woodard v. Navient Solutions, LLC et al.*

4.23    "Multiple Borrower Loans" means all Non-Title IV Covered Loans on which there has been, at any time, one or more co-borrowers, co-signers, or obligors in addition to the primary borrower.

4.24    "Navient" means Navient Solutions, LLC and Navient Credit Finance Corporation.

4.25    "Net Settlement Fund" means the remainder of the Non-Title IV Settlement Fund following the deduction of Class Counsel's fees and expenses, service awards, and Notice and Administration Costs.

4.26    "Non-Title IV Claim Form" means the form attached hereto as Exhibit 3.

4.27    "Non-Title IV Claim Form Deadline" means the date that is 90 days after the Notice Mailing Date.

4.28    "Non-Title IV Covered Loans" means the loans identified on the list of Non-Title IV Covered Loans attached hereto as Exhibit 1. The term "Non-Title IV Covered Loan" shall not mean any loans for which borrowers have entered into reaffirmation agreements enforceable under 11 USC § 524, as well as any loans that were already the subject of a prior settlement through a bankruptcy adversary or other judicial proceeding.

DocuSign Envelope ID: B3CBE4A6-F58-4F04-AAA4-525E939A41D2

4.29    "Non-Title IV Damages Claims" means, for each Discharged Non-Title IV Borrower, the amount paid by that Discharged Non-Title IV Borrower (and not by a co-borrower) on Non-Title IV Covered Loan(s) after the date on which the Discharged Non-Title IV Borrower was granted a discharge.

4.30    "Non-Title IV Settlement Amount" means Twenty-Eight Million U.S. Dollars (U.S. $28,000,000) in cash to be paid by wire transfer to the Escrow Account.

4.31    "Non-Title IV Settlement Fund" means the Non-Title IV Settlement Amount to be paid by Defendants in consideration of the Settlement, plus any and all interest and accretions thereto.

4.32    "Notice" or "Class Notice" means a notice to be approved by the Bankruptcy Court substantially in the form and substance attached hereto as Exhibit 2.

4.33    "Notice and Administrative Costs" means the costs of providing notice to class members, of receiving and processing opt-outs and Non-Title IV Claim Forms, and of distributing payments to Discharged Non-Title IV Borrowers for their Non-Title IV Damages Claims.

4.34    "Notice Mailing Date" means a date no later than twenty (20) business days after the Approval Date by which the Settlement Administrator shall mail the Class Notice to the Class.

4.35    "Objection Deadline" means the date identified in the Preliminary Approval Order by which a Settlement Class Member must serve written objections to the Settlement, if any, in accordance with Section XI of this Agreement.  The Objection Deadline shall be thirty (30) days before the date of the Final Approval Hearing.

4.36    "Opt-Out Deadline" means the date identified in the Preliminary Approval Order by which a Request to Opt Out must be submitted in writing in accordance with Section VIII of

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

this Agreement.  The Opt-Out Deadline shall be thirty (30) days before the date of the Final

Approval Hearing.

4.37    "Order of Final Approval" means a final judgment and order to be entered and filed

by the District Court substantially in the form and substance attached hereto as Exhibit 5.

4.38    "Parties" means, collectively, Defendants and Class Representative, on behalf of

himself and the Class.

4.39    "Person(s)" means an individual, corporation (including all divisions and

subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited

partnership, limited liability partnership, limited liability company, joint venture, association, joint

stock company, estate, legal representative, trust, unincorporated association, government or any

political subdivision or agency thereof, and any business or legal entity and all of their respective

spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives,

or assignees when acting in their capacity as such.

4.40    "Plan of Allocation" means the proposed plan or formula of allocation of the Net

Settlement Fund whereby the Net Settlement Fund is distributed to Discharged Non-Title IV

Borrowers.

4.41    "Preliminary Approval Order" means an order to be entered and filed by the

Bankruptcy Court titled "Order Preliminarily Approving Settlement and Providing for Notice"

substantially in the form and substance attached hereto as Exhibit 4.

4.42    "Private Non-Title IV Student Loans" means student loans that were not made,

insured, or guaranteed by a governmental unit or non-profit institution; were not made under any

program funded in whole or in part by any governmental entity or non-profit institution; and were

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

not for attendance at schools that were accredited under Title IV of the Higher Education Act of 1965.

4.43   "Released Claims" means any and all claims, defenses, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, costs, relief for contempt, losses, attorneys' fees, expenses, or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, sanctions or damage for contempt, injunctive, or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential, or punitive damages, as well as any and all claims for treble damages, penalties, interest, attorneys' fees, costs, or expenses, whether a known or Unknown Claim, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, and including any claims arising under the United States Bankruptcy Code, the Fair Credit Reporting Act, or state or federal unfair trade practice laws, that in any way concern, arise out of, or relate to Non-Title IV Covered Loans.  Released Claims also include any allegation that any Defendant or Releasee conspired with, aided and abetted, or otherwise acted in concert with any other Defendant, Releasee, or other third parties, with regard to any of the facts, acts, events, transactions, occurrences, courses of conduct or business practices within the scope of these Released Claims.

4.44   "Releasees" or "Released Parties" means each of: (1) Defendants; (2) each of Defendants' past, present or future subsidiaries, parent companies, divisions, affiliates, partners or any other organizational units of any kind doing business under their names, or doing business under any other names, or any entity now or in the past controlled by, controlling, or under the common control with any of the foregoing and doing business under any other names, and all of their respective affiliates and subsidiaries, and each of their respective predecessors, successors, and assigns; and (3) each of the present and former officers, directors, partners, shareholders,

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

agents, employees, attorneys (including any consultants hired by counsel), advisors, trustees and co-trustees, investment advisors, associates, investment bankers, independent contractors, representatives, beneficial owners, insurers, accountants, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns of any person or entity in subparts (1) or (2) hereof.

4.45    "Releasors" means the Class Representative, all members of the Settlement Class, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by, through, or under any or all of them.

4.46    "Request to Opt Out" means the written request from a Class Member that seeks to exclude that person from the Settlement Class and that complies with the requirements set forth in Section VIII of this Agreement.

4.47    "Settlement" or "Settlement Agreement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

4.48    "Settlement Administrator" means JND Legal Administration.

4.49    "Settlement Class" means the collective group of all Class Members who do not properly and timely exclude themselves from the Settlement.

4.50    "Single Borrower Loans" means all Non-Title IV Covered Loans on which there has never been any co-borrowers, co-signers, or obligors other than the primary borrower.

4.51    "Tax" or "Taxes" mean any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

4.52    "Tax Expenses" means any expenses reasonable and necessarily incurred by the Escrow Agent in addressing tax issues related to the Non-Title IV Settlement Fund.

4.53    "Termination Event" means any of the following events or circumstances: (a) the failure of the Bankruptcy Court to preliminarily approve the Settlement or to enter the Preliminary Approval Order without material changes; (b) the failure of the District Court to finally approve the Settlement or to enter the Order of Final Approval without material changes; (c) reversal of or any material change to the Order of Final Approval by any appellate court having jurisdiction; and (d) the timely submission of Requests to Opt Out by the percentage of Class Members set forth in the Supplemental Agreement.   The following shall *not* constitute Termination Events: (i) any failure or refusal by the District Court to award some or all of the attorneys' fees and expenses sought by Class Counsel or (ii) any reduction or elimination of attorneys' fees and expenses imposed by any appellate court having jurisdiction.

4.54    "Total Damages Claim" means the sum of all Non-Title IV Damages Claims submitted by Discharged Non-Title IV Borrowers on Non-Title IV Claim Forms approved by the Settlement Administrator.

4.55    "Unknown Claims" means any Released Claims which any Releasor does not know or suspect to exist in his or her favor at the time of the entry of the Order of Final Approval, and which, if known by him or her, might have affected his or her settlement with and release of the Releasees, or might have affected his or her decision to opt out of the Settlement Class or to object to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representative shall expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Order of Final Approval shall have to

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

the fullest extent allowed by law, waived the provisions, rights, and benefits of any statute or

principle of common law similar to California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Releasor may hereafter discover facts in addition to or different from those which he or she

now knows or believes to be true with respect to the subject matter of the Released Claims, but the

Releasors, upon the Effective Date, shall be deemed to have, and by operation of the Order of Final

Approval shall have, fully, finally, and forever settled and released to the fullest extent allowed by

law any and all Released Claims, known or unknown, suspected or unsuspected, contingent or

non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed

upon any theory of law or equity now existing or coming into existence in the future, including,

but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of

any duty, contract, law, or rule without regard to the subsequent discovery or existence of such

different or additional facts. The Class Representative acknowledges, and the Settlement Class

Members shall be deemed by operation of the Order of Final Approval to have acknowledged, that

the foregoing waiver was separately bargained for and constitutes a material term of the

Settlement.

## V.   THE SETTLEMENT

### a.  The Settlement Consideration

5.1    The obligations incurred pursuant to the Stipulation are: (a) subject to approval by

the Bankruptcy and District Courts; and (b) in full and final disposition of the Litigation and any

and all Released Claims upon and subject to the terms and conditions set forth herein.

5.2     In full and final settlement of the claims asserted in the Litigation and in consideration of the Releases set forth in Section VI, Navient will provide the following benefits to the Settlement Class:

5.3     Navient will forever forego collection from all Discharged Non-Title IV Borrowers of the entirety of the amount of all outstanding balances (whether comprised of unpaid principal, unpaid interest, and/or unpaid fees) on Non-Title IV Covered Loans (the "Non-Title IV Debt Relief"). From and after the Effective Date, each Non-Title IV Covered Loan shall be deemed to have been discharged as to the Discharged Non-Title IV Borrowers, with no additional amounts due for principal, interest, fees, or otherwise.

5.4     Navient shall pay or cause to be paid $28,000,000 into the Escrow Account to establish the Non-Title IV Settlement Fund within twenty (20) business days after the Effective Date. If the entire Non-Title IV Settlement Amount is not timely paid to the Escrow Account, Class Counsel may terminate this Stipulation and the Settlement, but only upon condition that: (i) Class Counsel has notified Defendants' Counsel in writing of Class Counsel's intention to terminate this Stipulation and the Settlement, and (ii) the entire Non-Title IV Settlement Amount is not transferred to the Escrow Account within five (5) days after Class Counsel has provided such written notice.

5.5     The Non-Title IV Settlement Fund shall be used exclusively to pay, in the following order:

a.      Notice and Administrative Costs of this Settlement;

b.      Taxes and Tax Expenses, if any, payable on account of the Non-Title IV Settlement Fund and any accretions thereto;

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

    c.      Litigation fees and expenses of Class Counsel, to the extent approved by the District Court;

    d.      Service awards not to exceed $15,000 per recipient, upon District Court approval in the Order of Final Approval, and subject to the District Court's approval; and

    e.      Non-Title IV Damages Claims to class members with Non-Title IV Covered Loans who submit a Non-Title IV Claim Form.

5.6    For each Single Borrower Loan, Navient will, within forty-five (45) days after the Effective Date, request that the Credit Reporting Agencies take steps to delete all trade lines at Credit Reporting Agencies. For each Multiple Borrower Loan, Navient will, within forty-five (45) days after the Effective Date, request that the Credit Reporting Agencies update the trade lines to reflect that the loan was subject to a bankruptcy discharge. Navient shall take commercially reasonable steps to ensure that updating a trade line does not refresh any such trade line on any borrower's Consumer Credit Report.

5.7    To the extent not already implemented, Navient agrees to implement business-practice enhancements reasonably designed to ensure that, when Navient processes bankruptcy discharges after the Effective Date: (i) Private Non-Title IV Student Loans shall be coded as discharged as to any borrower or co-borrower who received a bankruptcy discharge; and (ii) no post-discharge collection activity will occur on any such loans against any discharged borrower or discharged co-borrower. These business-practice enhancements are prospective only and shall not impact Navient's ability to collect on any loans against any obligors who did not themselves obtain bankruptcy discharges. Navient agrees to maintain these business-practice enhancements in place unless and until (1) Congress amends the Bankruptcy Code, or the United States Supreme Court

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

issues a decision, making Private Non-Title IV Student Loans non-dischargeable in bankruptcy, or (2) Navient is required either through an enforcement action, consent order, or other government decree, to modify its business practices.

5.8    Navient's agreement to forego collection of loan balances shall not be treated as the forgiveness of debt for purposes of tax reporting, because the loans shall be deemed to have been discharged in the Discharged Non-Title IV Borrower's respective bankruptcies.  Navient will not issue any Form 1099-C to any Settlement Class Member as a result of this agreement to forego collection.

5.9    Navient's agreement to forego collection as set forth herein shall not in any way impair Navient's right or ability to seek repayment or other relief from any obligor on any Non-Title IV Covered Loan(s) who is not himself or herself a Discharged Non-Title IV Borrower.  Non-discharged co-borrowers, co-signers, or obligors on Non-Title IV Covered Loan(s) shall not be entitled to any relief under this Settlement.

### b.  The Escrow Agent

5.10    The Escrow Agent shall either hold the Non-Title IV Settlement Amount deposited pursuant to ¶ 5.4 in an interest-bearing deposit account insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits, or invest the Non-Title IV Settlement Amount in United States Agency or Treasury Securities or other instruments backed by the Full Faith & Credit of the United States Government or an Agency thereof, or fully insured by the United States Government or an Agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All risks related to the investment of the Non-Title IV Settlement Amount in accordance with the investment guidelines set forth in this paragraph shall be borne by the Non-Title IV Settlement Amount, and the Released Parties

DocuSign Envelope ID: B3CBE4A6-1F58-4F04-AAA4-525E939A41D2

shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or the actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

5.11   The Escrow Agent shall not disburse any part of the Non-Title IV Settlement Amount except as provided in this Stipulation or by an order of the District Court.

5.12   Subject to further order(s) and/or directions as may be made by the District Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

5.13   All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the District Court and shall remain subject to the jurisdiction of the District Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the District Court.

5.14   The Escrow Agent shall, within 5 calendar days after the Effective Date, cause the Non-Title IV Settlement Fund to reimburse Class Counsel for any reasonable Notice and Administrative Costs paid by Class Counsel prior to the Effective Date for which Class Counsel provides adequate documentation in the Escrow Agent's sole discretion.

   **c.  Taxes and Tax Expenses**

5.15   The Parties and the Escrow Agent agree to treat the Non-Title IV Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1 (26 C.F.R. § 1.468B-1), and the regulations promulgated thereunder. The Parties and the Escrow Agent further agree that the Non-Title IV Settlement Fund shall be established pursuant to the District Court's subject matter jurisdiction within the meaning of Treas. Reg. § 1.468B-1(c)(1). In

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of ¶¶ 5.15-17, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)(ii)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Class Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

5.16    For the purpose of section 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. § 1.468B-2(k)(3)) shall be Class Counsel or its designee. Class Counsel or its designee shall timely and properly file all informational and other federal, state, or local tax returns necessary or advisable with respect to the earnings on the Non-Title IV Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)). Such returns (as well as the elections described in ¶ 5.15 hereof) shall be consistent with ¶¶ 5.15-17 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Non-Title IV Settlement Fund shall be paid out of the Non-Title IV Settlement Fund as provided in ¶5.17 hereof.

5.17    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Non-Title IV Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Non-Title IV Settlement Fund for any period after the deposit of the Non-Title IV Settlement Amount and during which the Non-Title IV Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) expenses and

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

costs incurred in connection with the operation and implementation of ¶¶ 5.15-17 (including,
without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs
and expenses relating to filing (or failing to file) the returns described in this ¶¶ 5.15-17) ("Tax
Expenses"), shall be paid out of the Non-Title IV Settlement Fund. Class Counsel or its designee,
through the Non-Title IV Settlement Fund, shall indemnify and hold each of the Released Parties
harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of
any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered
to be, a cost of administration of the Non-Title IV Settlement Fund and shall be timely paid by the
Escrow Agent out of the Non-Title IV Settlement Fund consistent with this Stipulation. The
Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold
from distribution to Discharged Non-Title IV Borrowers any funds necessary to pay any Taxes
and Tax Expenses, including the establishment of adequate reserves for any Taxes and Tax
Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-
2(l)(2)). In all events, the Released Parties shall have no liability or responsibility for any Taxes
or Tax Expenses. The Parties agree to cooperate with the Escrow Agent, each other, and their tax
attorneys and accountants to the extent reasonably necessary to carry out the provisions of ¶¶ 5.15-
17.

## VI.    RELEASES

6.1    On the Effective Date, Releasors, including but not limited to the Class
Representative, on his own behalf and on behalf of each Settlement Class Member, by operation
of this Release and the Order of Final Approval, do hereby and shall be deemed to have fully,
finally, conclusively, irrevocably, and forever released, settled, compromised, relinquished, and
discharged any and all of the Releasees of and from any and all Released Claims and, without

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

further action by any person or the District Court, will be deemed: (a) to have consented to dismissal of the Litigation and the dismissal with prejudice of any and all Released Claims; (b) to have released and forever discharged any and all Released Claims; and (c) to be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to any state, federal, or foreign court, or regulatory agency, or any arbitration forum, each and every Released Claim. The Parties agree that the Releasees will suffer irreparable harm if any Settlement Class Member takes action inconsistent with this paragraph, and that, in that event, the Releasees may seek an injunction as to such action without further showing of irreparable harm in this or any other forum.

6.2     The Releasors acknowledge and agree that they are aware that they may hereafter discover material or immaterial facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of this Release; that it is possible that unknown facts, losses or claims exist; and that known losses may have been underestimated in amount or severity. This was explicitly taken into account in connection with this Settlement. It is the Releasors' intention to, and they do hereby, upon the Effective Date of this Settlement, fully, finally, and forever settle and release each and every one of the Releasees from each and every Released Claim.

6.3     Subject to District Court approval, each Settlement Class Member shall be bound by this Settlement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual, prior notice of the Litigation or the Settlement in the form of the Notice or otherwise. The Release and agreements contained in this Section VI shall apply to and bind all Settlement Class Members, including those Settlement Class Members whose Notices are returned as undeliverable, and those for whom no current address can be found.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

6.4     On the Effective Date, Releasors hereby release the Releasees from each and every
Released Claim.

6.5     Promptly after the Effective Date, Settlement Class Members shall dismiss with
prejudice all claims, actions or proceedings that are released pursuant to this Settlement.  In the
event any such actions, or proceedings are not dismissed and Navient learns of the action, Navient
may provide notice to the Settlement Class Member of this Settlement and request dismissal of the
action.

## VII.   NOTICE TO THE CLASS

7.1     Notice of the Settlement shall be provided to all Class Members in the form of the
Class Notice, substantially in the form of Exhibit 2.  Class Counsel shall cause the Settlement
Administrator to disseminate the Notice to the Class in accordance with this Stipulation and as
ordered by the Bankruptcy Court.

7.2     No later than five (5) business days after entry of the Preliminary Approval Order,
Navient shall provide or cause to be provided to the Settlement Administrator a list in electronic
format of Discharged Non-Title IV Borrowers who have potential Non-Title IV Damages Claims
that contains the following information:

    i.     The loans for which the Discharged Non-Title IV Borrower shall receive Non-
Title IV Debt Relief;

    ii.     the amount received by Navient on such borrower's Non-Title IV Covered
Loans since the date of discharge; and

    iii.     the Discharged Non-Title IV Borrower's mailing and email addresses and
phone number.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525F939A41D2

7.3     The Settlement Administrator shall, on or before the Notice Mailing Date, (i) mail the Class Notice and Non-Title IV Claim Form to all Class Members via first class mail through the United States Postal Service, postage pre-paid, at the addresses provided by Navient and (ii) email the Class Notice and Non-Title IV Claim Form to all Class Members at any email address provided by Navient.

7.4     The Class Notice shall (1) identify the amount received by Navient on his or her Non-Title IV Borrower's Non-Title IV Covered Loans since the date of discharge, (ii) identify the loans for which he or she will receive Non-Title IV Debt Relief pursuant to ¶ 5.3 of this Stipulation, and (iii) advise the Class Member of the right to submit a Non-Title IV Claim Form to claim their *pro rata* share of the Net Settlement Fund.

7.5     Within three (3) business days of the Notice Mailing Date, the Settlement Administrator shall provide Class Counsel with written confirmation that the Class Notice has been mailed and emailed to all Class Members.

7.6     If any Notice is returned to the Settlement Administrator by the United States Postal Service with a forwarding address for the recipient, the Settlement Administrator shall re-mail the Notice to that forwarding address.  If an email is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall inform Class Counsel.

7.7     The Settlement Administrator shall use commercially reasonable efforts (through skip-tracing or other methods) to obtain a valid mailing address for every Class Member whose Notice is returned to the Settlement Administrator as undeliverable without the provision by the Postal Service of any forwarding address.  The Settlement Administrator shall re-mail the Class Notice to all such Class Members at any new addresses it is able to locate through this process. The costs of skip tracing efforts shall be included in the Notice and Administration Costs.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

## VIII.    ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND SUPERVISION AND DISTRIBUTION OF THE NET SETTLEMENT FUND

8.1     The Settlement Administrator, subject to such supervision and direction of the District Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund.

8.2     After the Effective Date, and in accordance with the terms of this Stipulation, the Net Settlement Fund shall be distributed to Discharged Non-Title IV Borrowers, subject to and in accordance with the provisions of this Stipulation.

8.3     Navient shall have no responsibility for, or interest whatsoever in, the administration of the Settlement or the actions or decisions of the Settlement Administrator, and shall have no liability whatsoever to the Class, Class Representative, or Class Counsel, in connection with such administration.

### a.    The Non-Title IV Claim Form

8.4     Ninety (90) calendar days after (a) the mailing of the Class Notice, or (b) such other time as may be set by the District Court, each Class Member who seeks to receive any payment pursuant to the terms of this Stipulation must submit to the Settlement Administrator a completed Non-Title IV Claim Form, substantially in the form of Exhibit 3 attached hereto.

8.5     Each Non-Title IV Claim Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine, in accordance with this Stipulation, the extent, if any, to which each Claim shall be allowed.  Non-Title IV Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Non-Title IV Claim Form in whole or in part, the Settlement Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Non-Title IV Claim Form submitted. The Settlement Administrator shall notify, in a timely fashion and in writing, all

DocuSign Envelope ID: B36BE4A6-1558-4F04-AAA4-525E939A41D2

Claimants whose Claims the Settlement Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the District Court if the Claimant so desires and complies with the requirements of ¶ 8.7 below.

8.6     The Settlement Administrator shall give Navient notice of all Claims the Settlement Administrator proposes to approve. Navient shall have the right to select up to 10% of those Claims for re-review by the Settlement Administrator.  If after re-review, the Settlement Administrator still proposes to approve a Claim, Navient shall have the right to petition the District Court to reject that Claim. Class Counsel shall have the right, but not the obligation, to file a brief contesting Navient's petition to the District Court.

8.7     If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the Notice required in ¶ 8.5 above, serve upon the Settlement Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the District Court.  If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the Claimant's request for review to the District Court. Navient shall have the right, but not the obligation, to file a brief contesting the Claimant's request for review to the District Court.

### b.  The Plan of Allocation

8.8     The Non-Title IV Claim Form shall require that the Discharged Non-Title IV Borrower certify under penalty of perjury that the amount reflected in the Non-Title IV Damages Claim was paid by the Discharged Non-Title IV Borrower or, if the co-borrower of the Discharged

DocuSign Envelope ID: B3CBE4A6-1568-4F04-AAA4-525E939A41D2

Non-Title IV Borrower paid a portion of the Non-Title IV Damages Claim, a certification of that lower amount. To the extent that a Discharged Non-Title IV Borrower certifies he or she paid a lower amount, the Settlement Administrator shall reduce the amount of that borrower's Non-Title IV Damages Claim to reflect that lower amount.

8.9     The Settlement Administrator shall cumulate the amount of all timely Non-Title IV Claim Forms that have not been rejected to determine the Total Damages Claim. The Settlement Administrator shall then measure each Discharged Non-Title IV Borrower's approved Non-Title IV Damages Claim as a proportion of the Total Damages Claim to determine the amount each Discharged Non-Title IV Borrower who submitted an approved Non-Title IV Claim Form shall receive as a *pro rata* percentage of the Net Settlement Fund. In no event shall any Discharged Non-Title IV Borrower receive more than 100% of the amount of his or her approved Non-Title IV Damages Claim.

8.10     Following the Effective Date, the Net Settlement Fund shall be distributed to the Discharged Non-Title IV Borrowers substantially in accordance with the Stipulation and the Plan of Allocation set forth above, as approved by the Court.

8.11     To the extent that there are funds remaining in the Net Settlement Fund after the payment of all approved Non-Title IV Damages Claims of Discharged Non-Title IV Borrowers who submitted a Non-Title IV Claim Form, then the remaining amount of the Non-Title IV Settlement Fund shall revert as directed by Navient.

8.12     The Settlement Administrator shall make reasonable efforts through skip-tracing to ensure that checks mailed to Discharged Non-Title IV Borrowers who submitted a Non-Title IV Claim Form are deposited. Uncashed checks sent to Discharged Non-Title IV Borrowers who

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

submitted a Non-Title IV Claim Form but are not deposited shall revert to the Non-Title IV
Settlement Fund.

8.13    Except as provided herein or otherwise ordered by the District Court, all Class
Members who fail to timely submit a valid Non-Title IV Claim Form shall be forever barred from
receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will,
in all other respects, be subject to and bound by the provisions of this Stipulation, the releases
contained herein, and the Order of Final Approval, and will forever be barred from bringing any
action against the Released Parties concerning the Released Claims.

### c.   Opt-Out Rights

8.14    A Class Member who wishes to be excluded from the Settlement Class must do so
in writing.  To opt out, the Class Member must complete and mail to the Settlement Administrator,
at the address listed in the Class Notice, a written Request to Opt Out that is postmarked no later
than the Opt-Out Deadline.  The Request to Opt Out must: (a) identify the case name; (b) identify
the name and address of the person requesting exclusion; (c) be personally signed by the person
requesting exclusion; and (d) contain a statement that indicates a desire to be excluded from the
Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class
in the Litigation."

8.15    Any Class Member who does not opt out of the Settlement in the manner described
shall be deemed to have submitted to the jurisdiction of the District Court with respect to such
Person's claim to the Net Settlement Fund.  All proceedings with respect to the administration,
processing, and determination of Claims and the determination of all controversies relating thereto,
including disputed questions of law and fact with respect to the validity of Claims, shall be subject
to the jurisdiction of the District Court, but shall not, in any event, delay or affect the finality of

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

the Order of Final Approval. All Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

8.16    Any Class Member who desires to opt out must submit a timely written Request to Opt Out pursuant to this section, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative or actual class member in any other class action filed against any of the Released Parties.

8.17    Any Class Member who properly opts out of the Settlement Class shall not: (a) be bound by any orders or judgments relating to the Settlement; (b) be entitled to any relief under, or be affected by, the Settlement; (c) gain any rights by virtue of the Settlement; or (d) be entitled to object to any aspect of the Settlement.

8.18    The Settlement Administrator shall provide the Parties with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

8.19    Notwithstanding the foregoing, a Class Member shall have the right to revoke a properly and timely submitted request for exclusion by mailing a notice of the Class Member's election to revoke his or her Request to Opt Out to the address set forth in the Class Notice. Any such revocation request must be postmarked on or before the Opt-Out Deadline.

## IX.    CLASS COUNSEL'S ATTORNEYS' FEES

9.1    Class Counsel may submit an application or applications (the "Fee and Expense Application") for distribution from the Non-Title IV Settlement Fund for: (a) an award of attorneys' fees; plus (b) expenses and charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

periods as earned by the Non-Title IV Settlement Fund (until paid) as may be awarded by the District Court.

9.2      Any fees, costs, and expenses, as awarded by the District Court, shall be paid to Class Counsel from the Non-Title IV Settlement Fund, within five calendar days after the funding of the Non-Title IV Settlement Fund pursuant to ¶ 5.4.

9.3      The procedure for and the allowance or disallowance by the District Court of any applications for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the District Court separately from the District Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Class Representative, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein, or any other orders entered pursuant to the Stipulation of Settlement.

9.4      Any fees and/or expenses awarded by the District Court shall be paid solely from and out of the Non-Title IV Settlement Fund.  With the sole exception of Navient's obligation to pay or cause the Non-Title IV Settlement Amount to be paid into the Escrow Account as provided for in ¶ 5.4, Navient shall have no responsibility for, and no liability whatsoever with respect to, any payment of any attorneys' fees and/or expenses.

## X.      CONDITIONS OF SETTLEMENT AND TERMINATION

DocuSign Envelope ID: B3CBE4A6-1758-4F04-AAA4-525E939A41D2

10.1    The Effective Date of the Settlement shall be conditioned on the occurrence of all

of the following events:

(i)      The Parties have signed this Stipulation.

(ii)     Navient has complied with the reporting requirements of 28 U.S.C. § 1715.

(iii)    The Bankruptcy Court has preliminarily approved the Settlement, including

the Class Notice, and has entered the Preliminary Approval Order.

(iv)     The District Court has granted a motion to withdraw the reference to

consider and approve the Settlement.

(v)      The Settlement Administrator has caused the Class Notice to be delivered

pursuant to the Preliminary Approval Order and the terms of the Stipulation.

(vi)     The District Court has entered the Order of Final Approval in the form

attached hereto as Exhibit 5.

(vii)    The Order of Final Approval has become Final.

(viii)   Navient's unilateral right to terminate the Settlement under the

Supplemental Agreement has not been triggered or has expired.

(ix)     The Order of Final Approval has become Final with respect to the

settlement in the matter captioned *Hilal Khalil Homaidan v. Navient

Solutions, LLC et al.*, Adv. Proc. No. 17-01085 (E.D.N.Y.).

10.2    Upon the occurrence of a Termination Event described in subparts (a) through (c)

of ¶ 4.53, this Stipulation shall automatically terminate.

10.3    As described in subpart (d) of ¶ 4.53, Navient shall have the unilateral right to

terminate this Stipulation and the Settlement in the event that the number of Requests to Opt Out

meet the conditions set forth in a confidential supplemental agreement executed between

DocuSign Envelope ID: B3CBE4A6-1568-4F04-AAA4-525E939A41D2

Defendants and Class Representative, by and through their counsel (the "Supplemental Agreement"). The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently herewith. The Supplemental Agreement shall not be filed with the Court unless the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms. If submission of the Supplemental Agreement is ordered by the Court, the Settling Parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal so as to preserve the confidentiality of the Supplemental Agreement.

10.4    In the event this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, the Parties shall be restored to their respective positions in the Litigation as of April 27, 2023 and shall meet and confer regarding a new case schedule for the Litigation. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the District Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

10.5    Unless otherwise ordered by the District Court, in the event that this Stipulation or the Settlement is terminated or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Order of Final Approval is reversed or vacated or altered following any appeal taken therefrom, then within thirty (30) calendar days after written notification of such event is sent by Class Counsel to Defendant's Counsel, Navient shall reimburse Class Counsel for any reasonable Notice and Administrative Costs expended for which Class Counsel provides adequate documentation.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

## XI.    OBJECTIONS

11.1    Any Settlement Class Member may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Stipulation.

11.2    Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defendants' Counsel (at the addresses identified in ¶ 17.16), no later than the Objection Deadline.

11.3    The requirements to assert a valid written objection shall be set forth in the Class Notice. To be valid, the written objection must include: (a) the case name and number; (b) the name, address, telephone number of the Settlement Class Member objecting and, if represented by counsel, of his/her counsel; (c) the basis for objection; and (d) a statement of whether he/she intends to appear at the Final Approval Hearing, either with or without counsel.

11.4    Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Stipulation by appeal or other means.

11.5    Subject to approval of the District Court, any Settlement Class Member who files and serves a written objection in accordance with this section and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the District Court a Notice of

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

Intention to Appear at the Final Approval Hearing by the Objection Deadline; and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

11.6    The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the District Court in connection with the Final Approval Hearing.

11.7    Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Settlement and the Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## XII.    STAY OF DISCOVERY AND OTHER PROCEEDINGS

12.1    To the extent the Litigation has not already been stayed by the Bankruptcy Court, upon execution of this Settlement, the Parties shall discontinue all discovery activity or related proceedings in the Litigation.

12.2    To the extent the Litigation has not already been stayed by the Bankruptcy Court, upon the entry of the Preliminary Approval Order, the Parties agree that the Bankruptcy Court should stay and suspend all proceedings in the Litigation, but excluding proceedings that may be necessary to carry out the terms and conditions of the Settlement.  Upon the Effective Date, and notwithstanding any of the other provisions in this Settlement, the Defendants shall have no obligation to preserve documents and evidence with respect to Released Claims.  The Class Representative and Class Counsel shall not pursue any spoliation claims or other actions or sanctions against Defendants with respect to documents or evidence related to the Released Claims.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

## XIII.   COVENANTS NOT TO SUE

13.1    The Class Representative, on behalf of himself and the Settlement Class Members, covenants and agrees: (i) not to file, commence, prosecute, intervene in, or participate in (as a class member or otherwise) any action in any jurisdiction based on or relating to any of the Released Claims, or the facts and circumstances alleged in the Complaint, against any of the Released Parties; (ii) not to organize or solicit the participation of Settlement Class Members, or persons who would otherwise fall within the definition of the Settlement Class but who requested to be excluded from the Settlement Class, in a separate class for purposes of pursuing any action (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action in any jurisdiction) based on or relating to any of the Released Claims or the facts and circumstances alleged in the Complaint, against any of the Released Parties; and (iii) that the foregoing covenants and this Stipulation shall be a complete defense in any action that any Releasor may hereafter assert on any of the Released Claims against any of the Releasees.

## XIV.   REPRESENTATIONS AND WARRANTIES

14.1    The Class Representative represents and warrants that he has not assigned or otherwise transferred any interest in any of the Released Claims against any of the Released Parties. The Class Representative further covenants that he will not hereafter assign or otherwise transfer any interest in any of the Class Representative's Released Claims.

14.2    The Class Representative represents and warrants that he has no surviving claim or cause of action against any of the Released Parties with respect to any of the Released Claims.

14.3    The Parties, and each of them on his, her, or its own behalf, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel; that in executing the Settlement Agreement, they are relying

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Stipulation by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party.  Each of the Parties assumes the risk of mistake as to facts or law.

## XV.   PRELIMINARY APPROVAL ORDER AND SETTLEMENT HEARING

15.1    Promptly following execution of this Stipulation, Class Counsel shall submit this Stipulation together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit 4 attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of the Notice and Non-Title IV Claim Form, substantially in the forms of Exhibits 2 & 3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing.

15.2    Class Counsel shall request that, after notice is given and not earlier than one hundred (100) calendar days after the later of the dates on which the appropriate federal official and the appropriate State officials are provided with notice pursuant to the Class Action Fairness Act ("CAFA"), the District Court hold the Final Approval Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Class Counsel also will request that the Court approve the Fee and Expense Application, if any.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

## XVI.    EFFECT ON RELATED CASES

Upon the District Court's entry of the Order of Final Judgment, the plaintiffs in the cases captioned *Stephanie A. Mazloom v. Navient Solutions, LLC et al.*, Adv. Proc. No. 20-80033 (N.D.N.Y.); *Kelly K. Coyle v. Navient Solutions, LLC et al.*, Adv. Proc. No. 22-80018 (W.D. Mich.); and *Oscar D. Teran v. Navient Solutions, LLC et al.,* Adv Proc. No. 20-03075 (N.D. Cal.) shall dismiss with prejudice their claims against Defendants in those matters.

## XVII.    MISCELLANEOUS PROVISIONS

17.1    <u>Amendment/Modification</u>.  The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. Class Counsel, on behalf of the Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which they deem appropriate. Any amendment or modification occurring after entry of the Preliminary Approval Order shall require court approval.

17.2    <u>Authority</u>.  Each person executing the Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

17.3    <u>CAFA</u>.  Defendants shall determine the form of notice to be provided for the purpose of satisfying the requirements of CAFA ("CAFA Notice") and the identity of those who will receive the CAFA Notice. Defendants shall be responsible for serving the CAFA Notices and for all costs and expenses related thereto.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E039A41D2

17.4    Cooperation.  The Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Settlement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Settlement.

17.5    Counterparts.  The Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or by email in PDF format. All executed counterparts and each of them shall be deemed to be one and the same instrument.

17.6    Drafting.  The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either Party. No Party shall be deemed the drafter of this Stipulation. The Parties acknowledge that the terms of the Stipulation are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any Party and any canon of contract interpretation to the contrary shall not be applied.

17.7    Entire Agreement.  The Stipulation and the related documents entered at the time of this Stipulation or referenced herein constitute the entire agreement among the Parties hereto concerning the settlement of the Litigation. No representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

17.8    Exhibits.  All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

17.9    Extensions of Time.  Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Bankruptcy or District Courts.

17.10    Governing Law.  This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

17.11    Headings.  The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

17.12    Jurisdiction.   The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. All Parties and all Settlement Class Members submit to the jurisdiction of the District Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

17.13    No Admission.  The Settlement compromises claims which are contested in good faith. The Settlement shall not be deemed an admission by any of the Parties as to the merits of any claim or defense. The Parties agree that terms of the Settlement were negotiated in good faith by the Parties and at arm's length and reflect an agreement that was reached voluntarily after consultation with competent legal counsel.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the Settlement: (a) is or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Releasees, or any of them; (b) is or may be used as

DocuSign Envelope ID: B3CBE4A6-1558-4F04-AAA4-525E939A41D2

an admission that, or evidence that, the requirements for class certification have been or can be satisfied in any other case or proceeding; or (c) is or may be used as an admission of, or evidence of, any fault or omission of the Releasees, or any of them, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Class Representative and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Defendants could not contest (or are estopped from contesting) class certification on any grounds if this Litigation were to proceed. This Settlement shall not be deemed an admission by, or ground for estoppel against, Defendants that class certification and/or proceeding collectively is proper in this Litigation or in any other action, lawsuit, or proceeding.

17.14 <u>No Collateral Attack</u>. Upon entry of the Order of Final Approval, this Stipulation shall not be subject to collateral attack by any Class Member or Settlement Class Member.

17.15 <u>No Third-Party Rights or Beneficiaries</u>. Except as expressly provided for herein, no government agency or official or any other person or entity can claim any rights under this Stipulation or the Settlement. There are no third party beneficiaries created or implied.

17.16 <u>Notices</u>. All notices (other than the Class Notice and those for which other instructions are set forth herein) required or permitted by this Stipulation shall be made in writing and communicated by mail and email to the following addresses:

<u>All notices to the Class Representative or to Class Counsel shall be sent to</u>:

Jason W. Burge
Fishman Haygood LLP
201 St. Charles Avenue, 46th Floor
New Orleans, Louisiana 70170
(504) 586-5252
jburge@fishmanhaygood.com

<u>All notices to Defendants or to Defendants' Counsel shall be sent to</u>:

Thomas M. Farrell

DocuSign Envelope ID: B3CBE4A6-1758-4F04-AAA4-525E939A41D2

McGuireWoods LLP
845 Texas Ave
24th Floor
Houston, TX 77002
(713) 571-9191
tfarrell@mcguirewoods.com

17.17  <u>Obligation to Meet and Confer</u>. Before filing any motion raising a dispute arising

out of this Stipulation or the implementation of the Settlement, the Parties shall confer in good

faith in an attempt to resolve any pending issues.

17.18  <u>Successors and Assigns</u>. The Stipulation shall be binding upon, and inures to the

benefit of, the heirs, executors, successors, and assigns of the Parties, the Releasors and the

Releasees; but this Stipulation is not designed to and does not create any third-party beneficiaries.


Dated: _____6/19/2023_____, 2023      CLASS REPRESENTATIVE
                                               KENNETH J. WOODARD


                                               By: _____
                                               KENNETH J. WOODARD

Dated: _____, 2023      NAVIENT SOLUTIONS LLC


                                               By: _____

Dated: _____, 2023      NAVIENT CREDIT FINANCE
                                               CORPORATION


                                               By: _____

McGuireWoods LLP
845 Texas Ave
24th Floor
Houston, TX 77002
(713) 571-9191
tfarrell@mcguirewoods.com

    17.17   <u>Obligation to Meet and Confer</u>. Before filing any motion raising a dispute arising

out of this Stipulation or the implementation of the Settlement, the Parties shall confer in good

faith in an attempt to resolve any pending issues.

    17.18   <u>Successors and Assigns</u>. The Stipulation shall be binding upon, and inures to the

benefit of, the heirs, executors, successors, and assigns of the Parties, the Releasors and the

Releasees; but this Stipulation is not designed to and does not create any third-party beneficiaries.


Dated: _____, 2023    CLASS REPRESENTATIVE
    KENNETH J. WOODARD


    By: _____
    KENNETH J. WOODARD

Dated: _____June 19_____, 2023    NAVIENT SOLUTIONS LLC


    By: _*Thomas M. Farrell*__ , counsel for

Dated: _____June 19_____, 2023    NAVIENT CREDIT FINANCE
    CORPORATION


    By: _*Thomas M. Farrell*___ , counsel for