**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| KENNETH JOSEPH WOODARD, on behalf of himself and all those similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC, and NAVIENT CREDIT FINANCE CORPORATION<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 08-81442-TJM<br>)<br>)<br>)<br>)<br>) Adv. Pro. No. 21-08023-TLS<br>)<br>)<br>) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE**

WHEREAS, the above-titled action is pending before this Court and is referred to herein as the "Action";

WHEREAS, the Parties having made application pursuant to Federal Rule of Civil Procedure 23 for an order approving the settlement of this Action, in accordance with the Stipulation of Settlement dated June 19, 2023 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

WHEREAS, the Parties have agreed to seek preliminary approval of the Stipulation and proposed settlement from this Court, and, upon the entry of this Order, the Parties will file a motion to withdraw the reference to the Bankruptcy Court with the United States District Court for the District of Nebraska (the "District Court"), so that the District Court may decide whether to grant final approval of this settlement in accordance with Rule 23 of the Federal Rules of Civil

1

Procedure; and

WHEREAS, all defined terms in this Order have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Settlement**. Plaintiff Kenneth J. Woodard, on behalf of himself and all members of the Class, and Defendants Navient Solutions, LLC and Navient Credit Finance Corporation ("Defendants") have negotiated a potential settlement of the Action to avoid the expense, uncertainties, and burden of protracted litigation, and to resolve the Released Claims against each Defendant and the Releasees.

2. **Review**. At the preliminary approval stage, the Court's task is to evaluate whether the settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26 (4th ed. 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arms'-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted). The Court has carefully reviewed the Stipulation, as well as the files, records, and proceedings to date in the Action. The terms and conditions in the Stipulation are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Stipulation.

3. **Jurisdiction**. This Court and the District Court have jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members. Venue in this Court is proper.

4. **Preliminary Approval**. The Court does hereby preliminarily approve the Stipulation and the Settlement as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below. The Court finds on a preliminary basis that the Settlement as set forth in the Stipulation falls within the range of reasonableness and was the product of informed, good-faith, arms'-length negotiations between the Parties and their counsel, and therefore meets the requirements for preliminary approval.

5. **Settlement Class**. The Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon the Action, including no effect upon the Action should the Stipulation not receive final approval or should the Effective Date not occur), a Class defined as all Discharged Non-Title IV Borrowers on all Non-Title IV Covered Loans. The Court finds, for settlement purposes only, that class certification under Fed. R. Civ. P. 23(b)(3) is appropriate in that, in the settlement context: (a) the Class Members are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and his counsel will fairly and adequately represent and protect the interests of the Class Members; (e) the Class is ascertainable; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. **Designation of Class Representative and Class Counsel**. The Court appoints the Plaintiff Kenneth J. Woodard as Class Representative, and the law firms of Fishman Haygood LLP; Jones Swanson Huddell LLC; Boies Schiller Flexner LLP; Francis Mailman Soumilas, PC, and the Law Office of James Michel as Class Counsel.

7. **Final Approval Hearing**. A hearing (the "Final Approval Hearing") shall be held before United States District Judge _____ on _____, 2023, at \_\_\_\_, \_.m. (prevailing Central time), at the United States District Court for the District of Nebraska, 111 South 18th Plaza, Suite 1152, Omaha, Nebraska, 68102, to determine, among other things: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) whether an Order of Final Approval as provided in the Stipulation should be entered; (iii) whether Settlement Class Members should be bound by the Release set forth in the Stipulation; (iv) any amount of fees and expenses that should be awarded to Class Counsel; and (v) any award to the Class Representative, Kenneth J. Woodard for his representation of the Class as well as to any other plaintiffs in representative actions who are identified by Class Counsel as having assisted in obtaining this Settlement and are approved by the Court.

8. **Class Notice**. The Court approves the form, substance, and requirements of the Class Notice of Proposed Settlement of Class Action ("the Notice") annexed hereto as Exhibit 1. The Court further finds that the form, content, and mailing of the Notice, substantially in the manner and form set forth in the Stipulation and in this Order, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Court further finds that this is the best notice practicable under the circumstances and is reasonably calculated, under all the circumstances, to apprise potential Class Members of the pendency of the Action, to apprise persons who would otherwise fall within the definition of the Class of their right to exclude themselves from the proposed Class, and to apprise Class Members of their right to object to the proposed Settlement and their right to appear at the Final Approval Hearing. The Court further finds that the Class Notice constitutes due and sufficient notice to all persons entitled thereto.

9. Within twenty (20) days of entry of this Order, the Settlement Administrator shall mail the Class Notice to each Class Member at his or her address as set forth in the Covered Loan List. The Settlement Administrator shall also follow the procedures set forth in Sections 7.6 and 7.7 of the Stipulation with respect to any Class Notices that are returned as undeliverable. Following the mailing of the Class Notices, the Settlement Administrator shall provide Class Counsel with written confirmation of the mailing within three (3) days of the Notice Mailing Date.

10. **Submission of Non-Title IV Claim Form**. Class Members who wish to receive any payment pursuant to the terms of the Stipulation shall complete, sign, and return their Non-Title IV Claim Form to the Settlement Administrator in accordance with the instructions contained therein and in Sections VIII of the Stipulation. Unless the Court orders otherwise, all Non-Title IV Claim Forms must be postmarked no later than the date that is ninety (90) days after the Notice Mailing Date. Any Class Member who does not timely and validly submit a Non-Title IV Claim Form within the time provided shall be barred from receiving payment under the Stipulation, unless otherwise ordered by the Court, but shall nevertheless be bound by any Order of Final Approval entered by the District Court.

11. **Exclusion from the Class**. Any Class Member may, upon request, be excluded from the Class. Any such Class Member must submit a written Request to Opt Out no later than the date that is thirty (30) days before the date of the Final Approval Hearing. The written Request to Opt Out must be sent to the Settlement Administrator according to the procedures set forth in the Stipulation and the Class Notice. To be valid, the Request to Opt Out must include the name and number of the Action, the Class Member's name, address, original signature, and a statement that indicates a desire to be excluded from the Settlement Class. All Class Members who submit valid and timely Requests to Opt Out in the manner set forth in this Paragraph shall have no rights under

the Stipulation, shall receive no payments under the Settlement, and shall not be bound by the Stipulation or any Order of Final Approval. Mass or class opt outs shall not be allowed. A Class Member who desires to opt out must take timely affirmative written action pursuant to this Order and the Stipulation, even if the person desiring to opt out of the Class (a) files or has filed a separate action against any of the Released Parties, or (b) is, or becomes, a putative class member in any other class action filed against any of the Released Parties.

12. **Copies of Requests to Opt Out**. The Settlement Administrator shall provide the Parties with a list of all timely Requests to Opt Out within seven (7) business days after the Opt-Out Deadline.

13. **Entry of Appearance**. Any member of the Class who does not exclude himself or herself from the Settlement Class may enter an appearance in the Action, at his or her own expense, individually or through counsel of his or her own choice. If he or she does not enter an appearance, he or she will be deemed to be represented by Class Counsel.

14. **Binding Effect on Class**. All Settlement Class Members who do not exclude themselves from the Settlement Class by properly and timely submitting Requests to Opt Out shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

15. **Objections**. Any Settlement Class Member who does not timely and validly exclude himself or herself from the Settlement Class may appear and show cause, if he or she has any reason why the proposed Settlement of the Action should not be approved as fair, reasonable, and adequate, why an Order of Final Approval should not be entered thereon, why attorneys' fees and expenses should not be awarded to Class Counsel; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the

proposed Settlement, or, if approved, the Order of Final Approval to be entered thereon approving the same, or any attorneys' fees and expenses to be awarded to Class Counsel or any award made to the Class Representative or any other plaintiffs in representative actions who are identified by Class Counsel as having assisted in obtaining this Settlement and approved by the Court, unless a written objection is filed with the Clerk of the United States District Court for the District of Nebraska, 111 South 18th Plaza, Suite 1152, Omaha, Nebraska, 68102, on or before the date that is thirty (30) days before the date of the Final Approval Hearing. A copy of the objection must also be mailed to Class Counsel and Defense Counsel, postmarked on or before the Objection Deadline. To be valid, the objection must set forth, in clear and concise terms: (a) the case name and number; (b) the name, address, and telephone number of the objector objecting and, if represented by counsel, of his or her counsel; (c) the basis for objection; and (d) a statement of whether the objector intends to appear at the Final Approval Hearing, either with or without counsel. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, and to the award of attorneys' fees and expenses to Class Counsel and the payment of an award to the Class Representative for his representation of the Class as well as to any other plaintiffs in representative actions who are identified by Class Counsel as having assisted in obtaining this Settlement and are approved by the Court, unless otherwise ordered by the Court.

16.     **Appearance of Objectors at Final Approval Hearing**. Any Settlement Class Member who files and serves a written objection in accordance with Paragraph 15 of this Order

7

may appear, in person or by counsel, at the Final Approval Hearing held by the District Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objector: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice of Intention to Appear"); and (b) serves the Notice of Intention to Appear on Class Counsel and Defense Counsel by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objector will present to the District Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Stipulation and Class Notice shall not be entitled to appear at the Final Approval Hearing and raise any objections.

17. **Service of Motion for Final Approval**. The motion in support of final approval of the Settlement and Class Counsel's application for Attorneys' Fees and Expenses shall be filed and served no later than fourteen (14) calendar days prior to the Final Approval Hearing and any responsive papers shall be filed and served no later than seven (7) calendar days prior to the Final Approval Hearing.

18. **Fees, Expenses, and Awards**. Neither Defendants nor the Releasees shall have any responsibility for any application for Attorneys' Fees and Expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the District Court shall determine whether any application for Attorneys' Fees and Expenses, and any award to the Class Representative for his representation of the Class or to any other plaintiffs in representative actions who are identified by Class Counsel as having assisted in obtaining this Settlement and are approved by the Court, should be approved.

8

19. **Releases**. If the Settlement is finally approved, the Releasors shall release the Releasees from all Released Claims.

20. **Use of Order**. Neither this Order, the fact that a settlement was reached and filed, the Stipulation, nor any related negotiations, statements, or proceedings shall be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of Defendants. This Order is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action. In no event shall this Order, the fact that a settlement was reached, the Stipulation, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in the Action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Stipulation.

21. **Adjournment of Final Approval Hearing**. This Court and the District Court reserve the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members, and retain jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The District Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

22. **Stay of Proceedings**. All proceedings in this Action are stayed until further Order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

23. **Preliminary Injunction**. Pending final determination of whether the Settlement should be approved, and upon expiration of the Opt-Out Deadline, all Class Members who do not timely and validly exclude themselves from the Settlement Class, and each of them, and anyone

who purports to act on their behalf, are preliminarily enjoined from directly or indirectly maintaining, commencing, prosecuting, or pursuing directly, representatively, or in any other capacity, any Released Claim subsumed and covered by the Release in the Stipulation, including in any court or arbitration forum.

**24.** **Termination of Settlement**. If: (a) the Stipulation is terminated as provided in Paragraph 10.3 of the Stipulation; or (b) any specified material term or condition of the Settlement as set forth in the Stipulation is not satisfied, then this Order may not be introduced as evidence or referred to in any actions or proceedings by any person or entity and shall be treated as vacated, *nunc pro tunc*, and each party shall be restored to his, her, or its respective position in this Action as it existed prior to the execution of the Stipulation.

**25.** **No Merits Determination**. By entering this Order, the Court does not make any determination as to the merits of this case.

**26.** **Authority**. The Court hereby authorizes the Parties to take such further steps as necessary and appropriate to establish the means necessary to implement the terms of the Stipulation.

**27.** **Jurisdiction**. This Court and the District Court retain jurisdiction over the Action to consider all further matters arising out of or connected with the Stipulation and the Settlement.

IT IS SO ORDERED.

Dated:

_____
The Honorable Thomas L. Saladino
UNITED STATES BANKRUPTCY JUDGE